ORIGINAL   JUDGE WOOD

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUN 19 2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - x
                                  :
UNITED STATES OF AMERICA          :
                                  :     **INDICTMENT**
          - v. -                  :
                                  :     19 Cr. ____
TODD KOZEL,                       :
                                  :     **19 CRIM 460**
                    Defendant.    :
                                  :
- - - - - - - - - - - - - - - - - x

### COUNT ONE
(Conspiracy to Commit Wire Fraud)

The Grand Jury Charges:

1.  From at least in or about February 2012 through at least in or about December 2018, in the Southern District of New York and elsewhere, TODD KOZEL, the defendant, and others known and unknown, willfully and knowingly, did conspire, confederate, and agree together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

2.  It was a part and an object of the conspiracy that TODD KOZEL, the defendant, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television

communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343, to wit, KOZEL, while subject to Florida state court orders (the "Florida Court Orders") requiring him to disclose and not to liquidate or transfer his assets, and to transfer certain of his assets to his ex-wife (the "Ex-Wife"), engaged with others in a scheme to defraud his Ex-Wife by concealing certain assets in a foreign trust (the "Trust") and by using a portion of the Trust assets to purchase a condominium located in New York, New York (the "Condominium") and concealing his ownership of the same, and effectuating such scheme through the use of interstate emails and wire transfers.

(Title 18, United States Code, Section 1349.)

### COUNT TWO
### (Wire Fraud)

The Grand Jury Further Charges:

3. From at least in or about February 2012 through at least in or about December 2018, in the Southern District of New York and elsewhere, TODD KOZEL, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and

promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, KOZEL, while subject to the Florida Court Orders requiring him to disclose and not to liquidate or transfer his assets, and to transfer certain of his assets to his Ex-Wife, engaged in a scheme to defraud his Ex-Wife by concealing certain assets in the Trust and by using a portion of his Trust assets to purchase the Condominium and concealing his ownership of the same, and effectuated such scheme through the use of interstate emails and wire transfers.

(Title 18, United States Code, Sections 1343 and 2.)

### COUNT THREE
### (Conspiracy to Commit Money Laundering)

The Grand Jury Further Charges:

4. From at least in or about July 2013 up to and including at least in or about September 2015, in the Southern District of New York and elsewhere, TODD KOZEL, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit money laundering, in violation of Title 18, United States Code, Section 1956(a)(2)(A).

5. It was a part and an object of the conspiracy that TODD KOZEL, the defendant, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, would and did transport, transmit, and transfer, and attempt to transport, transmit, and transfer, monetary instruments and funds from a place in the United States to or through a place outside the United States, and to a place in the United States from and through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, to wit, the wire fraud scheme alleged in Count Two of this Indictment, in violation of Title 18, United States Code, Section 1956(a)(2)(A).

(Title 18, United States Code, Section 1956(h).)

**FORFEITURE ALLEGATIONS**

6. As a result of committing the wire fraud offenses alleged in in Counts One and Two, of this Indictment, TODD KOZEL, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency

4

representing the amount of proceeds traceable to the commission of said offenses.

7. As a result of committing the money laundering offense charged in Count Three of this Indictment, TODD KOZEL, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense.

### Substitute Assets Provision

8. If any of the above-described forfeitable property, as a result of any act or omission of TODD KOZEL, the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

     e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

   (Title 18, United States Code, Sections 981 and 982;
    Title 21, United States Code, Section 853; and
    Title 28, United States Code, Section 2461.)

_____  
Foreperson   6-19-19

_____  
GEOFFREY S. BERMAN  
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

TODD KOZEL,

Defendant.

INDICTMENT

19 Cr. ___

(18 U.S.C. §§ 1349, 1343 and 1956(h).)

GEOFFREY S. BERMAN
United States Attorney.

_/s/_ Foreperson.

*INDICTMENT*
*USMJ SARAH NETBURN*
*ASSIGNED TO JUDGE WOOD.*
*6/19/19*