J6RQkozC

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
UNITED STATES OF AMERICA

           v.                        19 CR 460 (KMW)
                                     Conference


TODD KOZEL

                Defendant
------------------------------x
                                     New York, N.Y.
                                     June 27, 2019
                                     4:25 p.m.


Before:

                    HON. KIMBA M. WOOD
                                     District Judge


                         APPEARANCES

GEOFFREY S. BERMAN
     United States Attorney for the
     Southern District of New York
LOUIS PELLEGRINO
     Assistant United States Attorney

SKADDEN ARPS SLATE MEAGHER & FLOM LLP
     Attorneys for Defendant
DAVID MEISTER
JOCELYN STRAUBER
DANIEL MERZEL
```

1              (In open court)
2              THE COURT:  When you've been seated, could you please
3    state your appearances for the record.
4              Mr. Pellegrino.
5              MR. PELLEGRINO:  Good afternoon, your Honor.
6              Louis Pellegrino for the United States.
7              THE COURT:  Good afternoon.
8              MR. MEISTER:  Good afternoon, Judge.
9              David Meister from Skadden, Arps firm for Mr. Kozel.
10             THE COURT:  Good afternoon, Mr. Kozel.
11             MS. STRAUBER:  Jocelyn Strauber also from Skadden,
12   Arps for Mr. Kozel.
13             THE COURT:  Very good to see you.
14             MR. MERZEL:  Good afternoon, your Honor.
15             Daniel Merzel also from Skadden, Arps for the
16   defendant Kozel.
17             THE COURT:  Very good.  Thank you.
18             Could Mr. Pellegrino bring me up to date, please?
19             MR. PELLEGRINO:  Certainly, your Honor.  This is a
20   three-count indictment that was filed last week, and this is
21   our first appearance before your Honor.  So I think the first
22   order of business would be to arraign the defendant.
23             We are also prepared to discuss discovery and then
24   there was some correspondence with the Court.
25             I believe there's no outstanding issues.  The parties

1   have a proposed resolution on the bail conditions.  We'll
2   present that to the Court, and if it meets with the Court's
3   approval, we are prepared to enter an order and amend the bail
4   conditions.
5            THE COURT:  Good.
6            Mr. Meister, have you and Mr. Kozel had an adequate
7   opportunity to discuss the charges in the indictment?
8            MR. MEISTER:  We have, your Honor.
9            THE COURT:  Would you like to have me read them out
10  loud?
11           MR. MEISTER:  That's not necessary, Judge.
12           THE COURT:  How does your client plead?
13           MR. MEISTER:  Not guilty, your Honor.
14           THE COURT:  Thank you very much.  You may have a seat.
15           With respect to bail conditions, I understand you have
16  an agreement.  Could you state that on the record, please?
17           MR. PELLEGRINO:  Certainly, your Honor.
18           It would modify the existing conditions.  First, there
19  was an application by the defense regarding the ankle
20  monitoring of the GPS bracelet.  The government would consent
21  to removal of the bracelet.
22           We had asked for an additional increase in the bond up
23  to $2 million.  It's currently $1 million.  The security would
24  not change.  I believe the $1 million is secured, but so the
25  change would be $2 overall still secured by $1 million.  And

1    that would be the change that we would ask for with regard to
2    the GPS.  And then the GPS would be removed.
3            In addition, the defendant has several travel
4    requests, and I think the defense has a better handle on which
5    of those they want to specify.  I'm just going to ask them to
6    read those into the record, but I've conferred with them, and
7    I'm OK with them, and I believe pretrial is OK with it as well.
8            THE COURT:  Very good.
9            Mr. Meister.
10           MR. MEISTER:  Yes, your Honor, just to change the
11   travel restrictions to permit Mr. Kozel to travel within the
12   State of New York and, in addition, to Florida, if preapproved
13   by pretrial services.  Otherwise, the travel restrictions that
14   are in the conditions of release and the bond now would stay
15   the same.
16           THE COURT:  All right.  What is your position about
17   the bond being increased to $2 million overall?
18           MR. MEISTER:  Yes, your Honor, we are in agreement
19   with that as well.
20           We have one other travel request, your Honor, that we
21   have also discussed with the government that we don't think
22   needs to be put in a bond because it's a one time request, and
23   that is for your Honor -- with your Honor's permission, if
24   Mr. Kozel could travel for a two-week trip beginning next week
25   to Idaho where his father and his brother have residences, and

J6RQkozC

1  I understand the government would consent to that.
2      THE COURT:  Right.
3      MR. PELLEGRINO:  We do, your Honor.  It's my
4  understanding that pretrial has consented as well.
5      THE COURT:  Very good.  Thank you.
6      MR. MEISTER:  Thank you, Judge.
7      THE COURT:  I increase the bond to $2 million overall
8  secured by $1 million.  The ankle bracelet will be removed with
9  consent.
10     Is there any other GPS monitoring other than the ankle
11 bracelet?
12     MR. PELLEGRINO:  Just one moment, your Honor, please.
13     (Pause)
14     MR. MEISTER:  No, that's it, Judge.  Thank you.
15     THE COURT:  With respect to travel requests, I approve
16 that the defendant be able to travel within the State of New
17 York; that he be able to go to Florida if preapproved by
18 pretrial services; and that he be allowed to go to Idaho next
19 week to be with his -- is it father and brother?
20     MR. MEISTER:  Yes, Judge.
21     THE COURT:  OK.  Good.
22     MR. MEISTER:  And that's for a two-week trip.
23     THE COURT:  For a two-week trip to Idaho.
24     MR. MEISTER:  And then otherwise, your Honor, the
25 other locations in the bond would just stay the same.

1        THE COURT:  Good.  I approve that.  Is there anything
2   else?
3        MR. PELLEGRINO:  Just to discuss discovery, your
4   Honor.
5        THE COURT:  Yes.
6        MR. PELLEGRINO:  So discovery is somewhat voluminous,
7   but it's mostly paper.  Our agent is already collecting it.
8   We've discussed it with the defense.  The government would ask
9   as an initial time period approximately three weeks to produce
10  mainly because next week is a short week, and I think it's
11  going to be difficult to have paralegal and support staff.
12       I think what we would propose is that the government
13  would produce that discovery, and then the defense would have a
14  certain amount of time to review it and then come back to the
15  Court to decide whether they want to have motion practice or
16  how they want to proceed.
17       THE COURT:  Good.
18       Let me ask this to Mr. Meister and other counsel:  If
19  you receive this voluminous paper discovery in about three
20  weeks, do you have any feeling for how long you need to review
21  it before you decide what, if any, motions to make?
22       MR. MEISTER:  Your Honor, what I would propose is that
23  we be given a month to review discovery upon the government's
24  completion of the discovery, and then report to the Court with
25  an answer to that question.

Case 1:19-cr-00460-KMW   Document 20   Filed 07/26/19   Page 7 of 9      7
J6RQkozC

```
 1              THE COURT:  I think that's quite reasonable.  I will
 2   allow defense counsel one month to review discovery after they
 3   have received it from the government.  And at that point
 4   defense counsel will report to the government and me your
 5   proposed motion schedule and the nature of the motions which
 6   you intend to file.  I ask that that be made in writing.
 7              MR. MEISTER:  In writing.
 8              THE COURT:  In writing.  I'm sorry, I'm losing my
 9   voice after a day of trial.
10              MR. MEISTER:  That's fine, Judge.
11              THE COURT:  Anything else?
12              MR. PELLEGRINO:  Not from the government, your Honor.
13              THE COURT:  OK.
14              MR. PELLEGRINO:  Just should we establish a control
15   date so we can exclude time through.
16              THE COURT:  Of course.  Right.
17              I don't have a calendar handy.  Would you want to
18   consult with defense counsel and propose a conference date?
19              MR. PELLEGRINO:  Yes.  Just one moment, please.
20              THE COURT:  I should mention I'm away in the month of
21   August but I can be available by video.
22              MR. MEISTER:  Times are changing, Judge.  Your Honor,
23   how about a control date of the 22nd of August?
24              THE COURT:  That's fine.
25              MR. MEISTER:  So we would report to the Court by that
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1    date with our letter?
2            THE COURT:  Yes.
3            MR. MEISTER:  Yes.
4            THE COURT:  I think I'd expect that even sooner if you
5    get discovery within three weeks, and you have a month to
6    review it?
7            MR. MEISTER:  I added a week.
8            THE COURT:  That's all right.  It's summer.  OK.
9            MR. MEISTER:  I didn't mean to add a week.  But we
10   would appreciate it.
11           THE COURT:  That's fine.  Any objection to an
12   exclusion of time?
13           MR. MEISTER:  No, your Honor, not to that date.
14           THE COURT:  In light of the fact that discovery will
15   be made within approximately three weeks, and that defense
16   counsel need time to review it before deciding what, if any
17   motions to make, I find that an exclusion of time from today
18   through August 22 is in the interest of justice, and that those
19   interests outweigh the interests of the defendant and the
20   public in a speedy trial.  I thus exclude that time.
21           If there is nothing else, we're adjourned.
22           MR. PELLEGRINO:  Thank you, your Honor.
23           MR. MEISTER:  Your Honor, I wonder whether I could
24   hand up the letter that we provided to the Court last night
25   which reflects all of the bail conditions.

J6RQkozC

1         THE COURT:  Sure.

2         MR. MEISTER:  And then we've added in handwriting the
3 couple of travel additions, and if your Honor I think so orders
4 this, we can bring this down to the magistrate judge's clerk
5 and they can actually execute on it.

6         THE COURT:  I will do that right now.

7         MR. MEISTER:  Great.

8         THE COURT:  Has the government seen this?

9         MR. PELLEGRINO:  I have, your Honor.  Thank you.

10        THE COURT:  I've so ordered it.  Thank you very much.

11        (Adjourned)