IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR SARASOTA COUNTY, FLORIDA

IN RE: The Marriage of

ASHLEY D. KOZEL,

    Petitioner/Wife,
and

TODD KOZEL,

    Respondent/Husband,
and

TEXAS KEYSTONE, INC., FALCON
DRILLING COMPANY LLC, AND
FALCON PARTNERS,

    Defendants.
_____/

FAMILY DIVISION

CASE NO. 2010DR8976NC

FILED IN OPEN COURT THIS __12__ DAY OF
_____, 20_12_
KAREN E. RUSHING, CLERK OF COURT
BY: _____ DEPUTY CLERK

## FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE

THIS MATTER came before the Court for an uncontested Final Hearing on the wife's Amended Verified Petition for Dissolution of Marriage And Other Relief and Complaint for Equitable Relief, the husband's Answer, Affirmative Defenses, and Counter-Petition, and the wife's Answer to the husband's Counter-Petition for Dissolution of Marriage. The Court heard testimony, considered the authorities cited by the parties, and was otherwise duly advised of the premises. Based on the foregoing, the Court makes the following findings of fact and conclusions of law:



1. The Court has subject matter jurisdiction and personal jurisdiction over the parties.

2. At least one party has been a resident of the State of Florida for more than 6 months immediately before the original petition for dissolution of marriage was filed in this case.

3. The parties' marriage is irretrievably broken.

4. The parties have two minor children: Alexandra, born in 2003, and Gabrielle, born in 2006. The husband and wife shall share parental responsibility for the children and shall share time with the children as set forth in more detail below.

5. On January 12, 2012, the parties entered into a Settlement Agreement Regarding Children Issues (the "SARCI"), a true and correct copy of which is attached hereto as Exhibit 1, which has a Parenting Plan attached as Exhibit A thereto. Simultaneously, the parties executed a Property Settlement Agreement (the "PSA"), which is incorporated into the SARCI by reference, but which is not attached thereto by agreement of the parties. The SARCI, the Parenting Plan, and the PSA are collectively referred to herein as the "Agreement."

6. Prior to entering into the Agreement, the parties engaged in extensive discovery in this proceeding and each party received extensive financial disclosure and documents from the other. Both parties discovered all that they wished to discover about the other's financial affairs and waived the right to any further disclosure or discovery. Each party agreed to accept what they are to receive in accordance with the terms of the Agreement notwithstanding what the other party has or receives, whether it has been disclosed or undisclosed. Each party had the opportunity to consult with independent legal counsel and was fully advised of their rights prior

to entering into the Agreement. Each party carefully read the Agreement prior to signing it. Each party fully understands the Agreement, signed it freely and voluntarily, intending to be bound by it, and agreed that the terms and provisions are fair and equitable.

7. In accordance with the terms of the parties' Agreement, the Husband shall pay child support directly to the Wife and not to the support department of the Court in the amount of $6,000 per month, per child, payable on the first day of each month commencing on January 1, 2012 until any child reaches the age of 18, marries, dies or is otherwise emancipated, whichever is first to occur. If either child has not graduated from high school on their 18th birthday, but has a reasonable expectation of doing so by their 19th birthday, the Husband shall pay child support for that child until her graduation from high school. When the child support ceases for the first child, the child support shall be reduced to $6,000 per month for the second child until child support ceases as to the second child.

8. The Court finds that provided the Husband fully complies with the transfer of stock called for by the PSA, then based upon each parties' financial resources and ability to pay, the expenses the Husband has agreed to pay, the children's ages, actual needs and station in life and appropriate standard of living, and the division of timesharing between the parties and the overall economic circumstances involved, that it is appropriate to deviate (and it would be inequitable not to deviate) from the Child Support Guidelines by more than 5% and the Court accepts the agreed-upon child support as the appropriate amount to be paid in this matter. If the Husband does not comply with the transfer of stock called for under the PSA, the wife may invoke her rights and remedies under the PSA.

9. The parties agree and the Court further finds that it is in the children's best interests that the child support be paid directly by the Husband to the Wife and not through the Support Department of the Court or an income deduction order.

10. As additional child support, the Husband will maintain health insurance coverage for the benefit of the parties' children for so long as he is obligated to pay child support for them and will pay the cost of all reasonable and necessary medical, dental, orthodontic and vision expenses for the minor children not covered by insurance as provided in the Agreement.

11. Further, as additional child support, the Husband will pay for the minor children's private school tuition as provided and for the period of time provided in the Agreement.

Based upon the aforementioned findings, it is hereby

ADJUDGED as follows:

1. The parties' marriage is hereby dissolved because the marriage is irretrievably broken. Therefore, the parties are restored to the status of being single.

2. The Court approves and adopts the terms of the Agreement and the parties are ordered to comply with the Agreement. The Court finds that the husband has the present ability to comply with the Agreement and to pay support as agreed to in the Agreement.

3. On May 17, 2011, the Court entered a Confidentiality Order, the terms of which shall remain in full force and effect as provided in the Agreement and shall survive the entry of this Final Judgment.

4. In addition, the Court has simultaneously entered a Third Amended Asset Injunction, which shall remain in full force and effect until it expires in accordance with its

terms. It shall, accordingly, survive the entry of this Final Judgment.

5. The Court retains jurisdiction over the subject matter of this cause, the parties and the minor children to enforce this Final Judgment, and the orders referred to above, and to grant such other relief as is appropriate.

ORDERED in Sarasota, Sarasota County, Florida this _12_ day of January, 2012.

Nancy K. Donnellan
Circuit Court Judge

COPIES FURNISHED TO:

Jeffrey D. Fisher, Esq., Fisher & Bendeck, P.A., 501 So. Flagler Drive, Suite 450, West Palm Beach, Florida 33401

William Partridge, Esq., Grossman, Roth & Partridge, 1800 2nd Street, Suite 777, Sarasota, Florida 34236

Mark Luttier, Esq., Burman, Critton, Luttier & Coleman, 303 Banyan Boulevard, Suite 400, West Palm Beach, Florida 33401

Jason Oletsky, Esq., Akerman Senterfitt, 350 E. Las Olas Boulevard, Suite 1600, Fort Lauderdale, Florida 33301-4247

Jaime L. Wallace, Esq., Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A., 2033 Main Street, Suite 600, Sarasota, Florida 34237

Roy Fitzgerald, Esq., Page, Mrachek, Fitzgerald & Rose, 505 So. Flagler Drive, Ste. 600, West Palm Beach, Florida 33401

Kimberly Bald, Esq., Harllee & Bald, P.A., 202 Old Main Street, Bradenton, Florida 34205

Wesley D. Tibbals, Akerman Senterfitt, 401 E. Jackson Street, Suite 1700, Tampa, Florida 33602