IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR SARASOTA COUNTY, FLORIDA

IN RE:  The Marriage of

ASHLEY D. KOZEL,

        Petitioner/Wife,

and

TODD KOZEL,

        Respondent/Husband,

and

TEXAS KEYSTONE, INC., FALCON
DRILLING COMPANY LLC, AND
FALCON PARTNERS,

        Defendants.

_____/

FAMILY DIVISION

CASE NO. 2010DR8976NC



FILED IN OPEN COURT THIS /2 DAY OF
_____, 20 /2
KAREN E. RUSHING, CLERK OF COURT
BY: _____ DEPUTY CLERK

## AGREED THIRD AMENDED ASSET INJUNCTION

This cause came before the court upon the agreement of the parties regarding the
modification of the Amended Asset Injunction and Order dated February 17, 2011 and the
Agreed Order Granting Wife's Motions for Temporary Relief and for a Second Amended Asset
Injunction dated December 7, 2011.  The court having reviewed the record, and this court being
otherwise duly advised, it is:

ADJUDGED as follows:

1.  On the basis of the findings made in conjunction with the Amended Asset
Injunction and Order dated February 17, 2011 and the Agreed Order Granting Wife's Motions
for Temporary Relief and for a Second Amended Asset Injunction dated December 7, 2011 (the
"First and Second Amended Asset Injunctions" respectively), and on the basis of the agreement

Case: 2010 DR 008976 NC
0009546954
Dkt: ORD

of the parties, the First and Second Amended Asset Injunctions are wholly superseded by the following paragraphs and are no longer in force and effect.

2.    The husband, Todd F. Kozel, is hereby enjoined from directly or indirectly, individually, or through an entity or another person, or agent, selling, transferring or encumbering any interest he has in Gulf Keystone Petroleum Ltd. (hereinafter, "GKP") including, but not limited to, stock, options or restricted stock of GKP without the wife's written consent or an order of this court. This injunction applies to all GKP securities owned and/or controlled by the husband whether vested or unvested, including, but not limited to, the stock currently or formerly held in the name of Gulf Keystone Petroleum Co. LLC (hereinafter, "LLC") and/or the Gokana Trust, and/or Emeralp Trust Ltd., trustee. This paragraph does not restrict the husband's ability to receive his salary or cash bonus from GKP. This injunction shall not prohibit the husband from exercising any voting rights that he has as owner of his GKP stock or as a shareholder of GKP. Notwithstanding the provisions of this paragraph, the husband, and any of the entities referenced in this paragraph, shall be permitted to transfer GKP stock to the wife to satisfy any of the husband's obligations to the wife under the terms of the parties' property settlement agreement ("PSA").[1]

3.    So long as paragraph 2 remains in effect, this court shall continue to exercise exclusive *in rem* jurisdiction over the 11.6 million and 4.4 million shares of GKP stock identified in the court's December 7, 2011 order (the "LLC Stock"). If the husband has not satisfied his obligation to timely transfer the GKP shares to the wife pursuant to the PSA, he shall be required

---

[1] To the extent GKP stock is transferred to the wife while this order remains in effect, the wife will be entitled to vote the shares notwithstanding any of the court's prior orders.

to deposit, within twenty (20) days of the entry of this order, the stock certificates for 11.6 million shares of the LLC Stock in a safe deposit box at Suntrust Bank Main Street in Sarasota, Florida in accordance with the terms of the court's December 7, 2011 order. In addition, if the remaining 4.4 million shares of LLC Stock is obtained by the husband, the share certificates for such stock shall be likewise brought to the State of Florida within seven (7) days of the husband's receipt thereof and placed in the same safe deposit box. If the husband is unable to meet these deadlines, the parties shall confer on another deadline, but if they do not agree to another deadline, the husband shall file a motion that explains the reason more time is needed and the court will hold a hearing to decide the motion. The wife may pursue any remedies at law or in equity if the husband does not timely comply. In lieu of placing the LLC Stock in the above-noted safe deposit box, the husband may deliver it to the wife to satisfy his obligations under the PSA.

4.     Notwithstanding the provisions of paragraphs 2 and 3 above, the husband may sell GKP stock in his possession for the fair market price, but, so long as paragraphs 2 and 3 remain in effect, the proceeds of such sale must be placed in an escrow account in the State of Florida that is mutually agreeable to the parties. If any such sale occurs, the court will continue to exercise exclusive, *in rem* jurisdiction over the proceeds of the sale.

5.     The wife's $1,000,000 injunction bond shall remain posted as security for this injunction. Once the parties have jointly acknowledged in a writing or the court has determined (which determination will be heard on an expedited basis) that the husband has fully satisfied his

obligations to transfer the GKP shares to the wife pursuant to the PSA, paragraphs 2 and 3 will no longer be of further force and effect and the wife's $1,000,000 bond will be released.

6.  Until a mutually acceptable pledge agreement is executed by the parties or otherwise ordered by the court, the husband, Todd F. Kozel, is hereby enjoined from directly or indirectly, individually, or through an entity or another person, or agent, selling, transferring, or encumbering any interest in Falcon Partners, Texas Keystone, Inc. (and affiliated entities), and other "oil and gas wells," whether titled individually or jointly (except to transfer to the wife the joint working interests reflected in the PSA), including, but not limited to, those referred to in the husband's and the wife's financial affidavits, regardless of whether they are owned, operated and/or managed by Texas Keystone, Inc. (hereinafter, "Oil and Gas Working Interests") without the wife's prior written consent or an order of this court. Nothing contained in this paragraph shall be construed to preclude Falcon Partners, Texas Keystone, Inc. (and affiliated entities), and the Oil and Gas Working Interests from continuing to pay to the husband and the wife their usual and customary monthly and/or quarterly distributions, including distributions to pay the husband's taxes. However, the husband may not directly or indirectly receive any special distributions or dividends or other non-recurring type payments including, but not limited to, payments from Falcon Partners, Texas Keystone, Inc. (and affiliated entities), and the Oil and Gas Working Interests; instead, they must be held in an escrow account in the State of Florida that is mutually agreeable to the parties. If Falcon Partners or Texas Keystone, Inc. are sold or otherwise disposed of in whole or in part or sell assets that generate any type of distribution to the husband while this paragraph remains in effect, the proceeds of any such transaction shall

also be deposited directly into an escrow account in the State of Florida that is mutually agreeable to the parties. If any funds or proceeds are being held, or are to be held, in escrow pursuant to this paragraph, the wife will be notified at the end of each calendar quarter. Notwithstanding the other provisions of this paragraph, the $8,770,458 held by Falcon Partners for the husband shall be released and transferred by Falcon Partners in accordance with the PSA.

7.    Upon execution of a pledge agreement as set forth in more detail in paragraph 6 above, the terms of paragraph 6 of this order will have no further force and effect.

8.    Pursuant to Rule 1.610(c), Florida Rules of Civil Procedure, this order shall be binding upon the husband, his agents, servants, employees and attorneys and on those persons in active concert or participation with them who receive actual notice of this injunction and order.

9.    The court retains jurisdiction over the parties and the GKP stock described herein notwithstanding any subsequent entry of a final judgment of divorce. This order survives the entry of a final judgment and is not merged with the final judgment.

ORDERED in Chambers at Sarasota, Sarasota County, Florida, on this _12_ day of _January_, 2012.

NANCY DONNELLAN
Circuit Court Judge

Copies to:

Jeffrey D. Fisher, Esq., Fisher & Bendeck, P.A., 501 So. Flagler Drive, Suite 450, West Palm Beach, Florida 33401

William Partridge, Esq., Grossman, Roth & Partridge, 1800 2nd Street, Suite 777, Sarasota, Florida 34236

Mark Luttier, Esq., Burman, Critton, Luttier & Coleman, 303 Banyan Boulevard, Suite 400, West Palm Beach, Florida 33401

Jason Oletsky, Esq., Akerman Senterfitt, 350 E. Las Olas Boulevard, Suite 1600, Fort Lauderdale, Florida 33301-4247

Jaime L. Wallace, Esq., Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A., 2033 Main Street, Suite 600, Sarasota, Florida 34237

Roy Fitzgerald, Esq., Page, Mrachek, Fitzgerald & Rose, 505 So. Flagler Drive, Ste. 600, West Palm Beach, Florida 33401

Kimberly Bald, Esq., Harllee & Bald, P.A., 202 Old Main Street, Bradenton, Florida 34205