IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR SARASOTA COUNTY, FLORIDA

IN RE: The Former Marriage of:          FAMILY DIVISION

ASHLEY D. KOZEL,                  CASE NO. 2010DR8976NC

        Former Wife,

and

TODD KOZEL,

        Former Husband.

_____/

## ASSET INJUNCTION AND ORDER

THIS MATTER came before the court for a hearing on September 11, 2015 upon the former wife's verified motion to reinstate an asset injunction. The former husband did not respond to the former wife's motion and he did not appear at the hearing on the motion, despite receiving notice thereof. The court having reviewed the motion, having heard argument of counsel, having considered the court file and the evidence, and being otherwise duly advised does thereupon

ADJUDGE as follows:

1.      During the parties' divorce proceeding, the former husband attempted to make transfers of well in excess of $100 million in marital assets to undermine the jurisdiction and authority of this court. To stop such conduct, the court entered an asset injunction on January 28, 2011, which injunction was then amended on three occasions (twice by agreement).

2.      One of the many reasons the court entered an asset injunction was because the former husband transferred, or caused to be transferred, approximately 30 million marital shares of Gulf Keystone Petroleum, Ltd. ("GKP") stock into an overseas asset protection trust known as

the "Gokana Trust" and then pretended to have no interest in those shares. He then claimed that another 16 million shares that were titled in his name were actually owned by his father and brothers. The court's asset injunctions were designed to secure the above-referenced shares to protect the former wife's claims to them (or their value).

3.     In the court's July 23, 2015 order ("supplemental final judgment"), the court found that, following the parties' settlement of the case, the former husband violated the third amended asset injunction as follows:

> [T]hroughout the entire time that Former Husband was withholding Former Wife's stock, there were more than sufficient shares in the Gokana Trust to satisfy his promise to timely transfer 23 million shares.
>
> * * *
>
> During the delay period, the Gokana Trust was trading GKP stock. . . . It appears that the Gokana Trust traded millions of shares in the 'hot' market.
>
> * * *
>
> The Third Amended Asset Injunction required the Former Husband to escrow all proceeds from his sale of GKP stock during the relevant time period. He failed to do so. The Court reserves jurisdiction to fashion an appropriate remedy if Former Wife is not made whole according to this order.

4.     The former husband has not complied with the provisions of the supplemental final judgment and the former wife has not been made whole. In fact, an order to show cause has already issued as to why the former husband is not in contempt due to his failed to furnish the former wife with a corrected "tax basis" letter (as ordered by the court).

5.     Additionally, the former husband claims to live in Lithuania, he has been non-responsive in these post-judgment court proceedings (despite notice thereof), and the former wife

asserts, and it appears to the court, that the former husband has no intention of complying with the court's amended final judgment or other orders.

6.     Given the above findings, and pursuant to the court's reservation of jurisdiction, the court reinstates an asset injunction foreclosing the former husband from transferring, dissipating, hiding, and secreting his assets. The court finds that the former wife is legitimately in fear of irreparable harm if the former husband is not enjoined and/or restrained, directly and indirectly, from selling, transferring, and/or encumbering assets in which he has an interest (directly, indirectly, or beneficially) as set forth in more detail below.

7.     On the basis of the above findings, the former husband, Todd F. Kozel (SSN XXX-XX-3858), is hereby enjoined from selling, transferring, alienating, pledging, forfeiting, hypothecating, encumbering, mortgaging, dissipating, spending and/or purchasing, and/or concealing and/or otherwise alienating any real property, personal property, securities, cash, or other assets or income of any kind or nature in which he holds an interest. An "interest" is to be construed broadly and includes any interest, regardless of whether he holds that interest directly or indirectly, beneficially, or through an entity or series of entities. An "interest" also includes any right to use or possess personal or real property.

8.     This asset freeze applies to any interest, held directly or indirectly, by the former husband, Todd F. Kozel, in the real property identified below, as well as the contents thereof, which contents shall not be removed, or allowed to be removed, from the residence without the written consent of the former wife or further order of this court:

**The Walker Tower**
**212 West 18th Street, Apt. 14CD**
**New York, New York**

Case No. 2010DR8976NC
*ASSET INJUNCTION AND ORDER*
Page 4

---

9.　　Without limiting the foregoing, the former husband, Todd F. Kozel, shall not use his position or interest (as a member, shareholder, partner, agent, officer, director, representative or otherwise) to sell, transfer, alienate, pledge, forfeit, hypothecate, encumber, mortgage, dissipate, spend and/or purchase, and/or conceal and/or otherwise alienate any assets or income in which he holds an interest directly or indirectly without the written consent of the former wife or further order of this court.

10.　　Without limiting the foregoing, the former husband, Todd F. Kozel, is hereby enjoined from directly or indirectly, individually, or through an entity or another person, or agent, selling, transferring alienating, pledging, or encumbering any interest he has in GKP including, but not limited to, stock, options or restricted stock of GKP without the former wife's written consent or an order of this court. This injunction applies to all GKP securities owned and/or controlled by the former husband whether vested or unvested, including, but not limited to, the stock held in the name of the Gokana Trust. It also applies to any other assets, including the proceeds of the sale of GKP stock, held by the Gokana Trust. To be absolutely clear, the court will hold the former husband responsible for any violations of this injunction that are purportedly committed by the Gokana Trust.

11.　　The former wife, Ashley D. Kozel, may take such steps as she deems appropriate to seek a mirror injunction, or other similar remedy, in the Isle of Jersey, Switzerland, Ireland, and/or such other jurisdictions as are appropriate.

12.　　The court finds that a $10,000 bond is adequate security for this injunction. The former wife shall post the bond within ten (10) business days of the entry of this order.

---

Kozel v. Kozel
Case No. 2010DR8976NC
*ASSET INJUNCTION AND ORDER*
Page 5

13.     This injunction shall be binding upon the former husband, Todd F. Kozel, his

agents, servants, employees and attorneys and on those persons in active concert or participation

with them who receive actual notice of this injunction and order, including, but not limited to,

Markus Hugelshofer, Inga Kozel, Compuserve, and Credit Agricole S.A.

14.     This order shall remain in effect until a further order of the court vacates or

modifies this injunction.

15.     This court reserves jurisdiction over the parties to enter such further orders as are

just and appropriate.

ORDERED in Chambers at Sarasota, Sarasota County, Florida this ___11___ day of

September, 2015, at __1:30__ a.m./p.m.

NANCY DONNELLAN
Circuit Court Judge

Copies to:

**Jeffrey D. Fisher, Esq.**, Fisher & Bendeck, P.L., Attorneys for Former Wife, 501 So. Flagler
Drive, Suite 450, West Palm Beach, Florida 33401; eservice@fisherbendeck.com
**Todd Kozel**, Ezereliu 21, Vilnius, Lithuania 1030; toddfkozel@gmail.com

Robert Young, David Morill - Special/Limited Appearance
Counsel for Former Husband - 2033 Main St.
Sarasota, FL 34237