UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

UNITED STATES OF AMERICA

-against-

TODD KOZEL,

                Defendant.

------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: August 17, 2020

19-CR-460 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

    Defendant Todd Kozel was indicted in this District on charges of wire fraud and money laundering arising from an alleged scheme to defraud his ex-wife during divorce proceedings in Florida state court. Defendant now moves to dismiss the indictment against him, pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure, and for a bill of particulars, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure. For the following reasons, both of his motions are DENIED.

## BACKGROUND

    On December 14, 2018, the Government filed a three-count complaint (the "Complaint") against Defendant. (ECF No. 1.) The Complaint alleges that Defendant engaged in a scheme to defraud his ex-wife during divorce proceedings in Florida court, and that he conspired with others to make, and did make, international and domestic wire transfers in support of the scheme.

    On June 19, 2019, a Grand Jury in this District returned an Indictment against Defendant (the "Indictment"), which charged Defendant with the same offenses alleged in the Complaint. (ECF No. 14.) Count One charges Defendant with conspiring to commit wire fraud from approximately February 2012 to December 2018, in violation of 18 U.S.C. § 1349, in the

following manner:

> [Defendant], while subject to Florida state court orders (the "Florida Court Orders") requiring him to disclose and not to liquidate or transfer his assets, and to transfer certain of his assets to his ex-wife (the "Ex-Wife"), engaged with others in a scheme to defraud his Ex-Wife by concealing certain assets in a foreign trust (the "Trust") and by using a portion of the Trust assets to purchase a condominium located in New York, New York (the "Condominium") and concealing his ownership of the same, and effectuating such scheme through the use of interstate emails and wire transfers.

(Indictment, ECF No. 14 ¶ 2.) Count Two charges Defendant with substantive wire fraud in support of the same scheme, and during the same timeframe, as the conspiracy alleged in Count One, in violation of 18 U.S.C. §§ 1343 and 2. (*Id.* ¶ 3.) Count Three charges Defendant with conspiracy to commit money laundering from approximately July 2013 to September 2015, to promote the wire fraud scheme alleged in Count Two, in violation of 18 U.S.C. § 1956(h). (*Id.* ¶¶ 4–5.)

## LEGAL STANDARDS

A defendant may move to dismiss an indictment on the ground that it is defective under Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure. An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged," and "must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." Fed. R. Crim. P. 7(c)(1). "An indictment is sufficient if it 'first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *United States v. Stringer*, 730 F.3d 120, 124 (2d Cir. 2013) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). In order to satisfy these requirements, "an indictment need 'do little more than track the language of the statute charged and state the time and place (in approximate terms) of the alleged

crime.'" *Id.* (quoting *United States v. Pirro*, 212 F.3d 86, 92 (2d Cir. 2000). When evaluating the sufficiency of an indictment, the court considers all allegations in the indictment to be true and does not consider any contrary assertions of fact by the defendant. *See United States v. Goldberg*, 756 F.2d 949, 950 (2d Cir. 1985).

A defendant may move for a bill of particulars under Rule 7(f) of the Federal Rules of Criminal Procedure. "The function of a bill of particulars is to provide defendant with information about the details of the charge against him if this is necessary to the preparation of his defense, and to avoid prejudicial surprise at the trial." *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990) (quoting 1 C. Wright, Federal Practice and Procedure § 129, at 434–35 (2d ed. 1982)). "A bill of particulars is required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir.1999) (quotations omitted). "[I]f the information sought by defendant is provided in the indictment or in some acceptable alternate form, no bill of particulars is required." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987). A motion for a bill of particulars must be brought "before or within 14 days after arraignment or at a later time if the court permits." Fed. R. Crim. P. 7(f).

## DISCUSSION

### I. The Motion to Dismiss the Indictment is Denied.

Defendant claims that the indictment is defective because it fails to allege facts that, if true, would violate federal law. This contention is without merit. Each count of the Indictment alleges that Defendant's conduct violated certain federal statutes, sets forth the elements of the offenses alleged, and states the approximate time period during which the violation is alleged to have occurred. The alleged conduct, if true, would violate the federal statutes cited. Thus, the

Indictment sufficiently apprises Defendant of the nature of the charges against him. *See Stringer*, 730 F.3d at 124. In fact, by providing Defendant with a narrative of the manner in which Defendant is alleged to have committed the charged offenses, the Indictment provides Defendant with more detail than is strictly necessary. *See id.*

Defendant challenges the Indictment by advancing a factual counter-narrative that is inappropriate in a motion to dismiss. Defendant claims that, rather than engaging in a scheme to defraud his ex-wife, he fully complied the property settlement according to which Defendant and his ex-wife resolved their divorce. At this stage of the litigation, the Court must accept the Government's allegations that Defendant did engage in a scheme to defraud his ex-wife of assets he owed her under the divorce settlement, and that Defendant committed the charged conduct in support of that scheme. *See Goldberg*, 756 F.2d at 950.

Defendant also contends that the Indictment fails to state an offense because it fails to allege that Defendant's formation of a foreign trust or his use of trust funds to purchase a condominium violated any court order or injunction. Relatedly, Defendant argues that the Government cannot allege that his failure to pay a family court judgment while it was on appeal was unlawful. Violating a court order, or unlawfully failing to pay a judgment, are not elements of any of the offenses charged. Thus, the absence of such allegations does not undermine the sufficiency of the Indictment.

Defendant also argues that some of the Florida divorce court orders that Defendant allegedly violated were vacated, and thus that Defendant's failure to comply with those orders was not unlawful. The Indictment does not allege that Defendant committed any offense by violating the orders of the Florida courts; rather, it alleges that Defendant committed various federal offenses in support of a scheme to defraud his ex-

4

wife of assets he owed her under then-operative Florida court orders. These allegations state offenses under federal law and are sufficient to survive a motion to dismiss.

**II.     The Motion for a Bill of Particulars is Denied.**

Defendant argues that he is entitled to a bill of particulars because the Indictment contains insufficient information about the charged offenses. Specifically, he states that he is "entitled to a specification of all funds transfers alleged to be willful violations of federal criminal law, by date, amount, sender and recipient." (ECF No. 41 at 4.)

Defendant's motion for a bill of particulars is denied as untimely. A defendant must move for a bill of particulars within 14 days of his arraignment, unless authorized by the court. Fed. R. Crim. P. 7(f). Defendant was arraigned on June 27, 2019 but did not move for a bill of particulars until more than six months later, on January 23, 2020. (ECF Nos. 20, 41.) Defendant offers no explanation for his delay, and the Court declines to excuse Defendant's lateness.

Even if Defendant's motion were timely, it would fail on its merits because the Government has provided Defendant with sufficient detail about the allegedly unlawful wire transfers. The Indictment alleges that, during divorce proceedings with his ex-wife in Florida, Defendant was subject to Florida state court orders requiring him to disclose and not dissipate his assets, and to transfer certain assets to his ex-wife. In violation of those orders, Defendant allegedly concealed his interest in a foreign trust that contained substantial assets, and then dissipated a portion of the trust assets by purchasing a condominium in New York City. Defendant allegedly used a series of wire transfers to effectuate the purchase of the condominium. (Indictment ¶¶ 2–5.) The Complaint provides the following particulars about these wire transfers:

5

- On or about July 3, 2013, an "initial deposit" of approximately $2.55 million was wired to a New York bank account from a foreign bank account held in the name of Defendant's friend, who was a co-conspirator, with the notation "Intial [sic] Deposit Financing [the Wife]." (*Id.* ¶¶ 12(b), 15(d).)

- On or about October 8, 2013, an "additional deposit" of approximately $1.275 million, paid by Defendant's current wife, who was another co-conspirator, was wired from a "Lebanon Company" to a bank account in New York. (*Id.* ¶ 15(g).)

- On or about December 5, 2013, the "balance of purchase price" of approximately $11.475 million, paid by Defendant's current wife, was wired from one New York bank account to another New York bank account. (*Id.* ¶ 15(i).)

- On or about December 16, 2013, an "overpayment back to purchaser" of approximately $2.55 million was wired from a New York Bank account to a bank account in Lithuania, held by Defendant's current wife. This transfer was a result of Defendant's having intentionally overpaid for the condominium in order to further dissipate his assets. (*Id.* ¶ 15(n).)

The Complaint also alleges that Defendant and his co-conspirators used various faxes and emails to coordinate and effectuate the fraudulent scheme. (*Id.* ¶¶ 13(c), 15(f), 15(q), 19(b)).

In addition, on July 19, 2019, the Government provided Defendant with discovery material pursuant to Rule 16 of the Federal Rules of Criminal Procedure, which included copies of the allegedly unlawful wire transfers, requests for payment, and communications between Defendant and his co-conspirators. These documents provide Defendant with further information about the charges against him. *See United States v.*

*Walsh*, 194 F.3d 37, 47 (2d Cir. 1999) (bill of particulars was unnecessary where discovery provided defendant with adequate details about the charges).

Taken together, the Indictment, the Complaint, and the Government's discovery provide Defendant with sufficient information about the Government's allegations. Thus, Defendant is not entitled to a bill of particulars.[1]

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the Indictment (ECF No. 40) and motion for a bill of particulars (ECF No. 41) are DENIED.

SO ORDERED.

Dated: New York, New York
August 17, 2020

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge

---

[1] Defendant cites two decisions in which the Government was ordered to supply a bill of particulars, but neither resembles Defendant's case. In *United States v. Reale*, the Government alleged that the defendants committed wire fraud over a period of many years but failed to specify a single fraudulent wire transfer. *See* No. 96-CR-1069, 1997 WL 580778, at *14 (S.D.N.Y. Sept. 17, 1997) (Batts, J.). In *United States v. Silver*, the Government failed to identify the date of any specific unlawful wire transfer, even though the case involved an "exceptional volume of mailings and wire transmissions, [and] the potentially relevant communications could easily number in the hundreds or thousands." 117 F. Supp. 3d 461, 471 (S.D.N.Y. 2015) (Caproni, J.). Here, the case involves a small number of allegedly unlawful transfers, and the Government has already identified several specific transfers.