

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

One St. Andrew's Plaza
New York, New York 10007

September 22, 2020

**BY ELECTRONIC MAIL**
The Honorable Kimba M. Wood
United States District Judge
Southern District of New York
500 Pearl St.
New York, NY 10007

    Re:  *United States v. Todd Kozel*
        19 Cr. 460 (KMW)

Dear Judge Wood:

  The Government writes on behalf of the parties to jointly ask the Court to make certain findings pursuant to the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), Pub. L. 116-136, 134 Stat. 281 (2020), in advance of the defendant's anticipated guilty plea to a five-count superseding information charging him with five counts of willful failure to file tax returns for the tax years 2011 through 2015, in violation of 26 U.S.C. § 7203. The defendant has signed the proposed plea agreement, and we understand that the Court intends to refer the defendant's change-of-plea hearing to the magistrate judge on duty. The change-of-plea hearing is expected to proceed, with the defendant's consent, by video teleconference or teleconference, or by telephone conference if video teleconferencing is not reasonably available.

  Pursuant to the CARES Act, plea proceedings may proceed by video teleconference, or telephone conference if video teleconferencing is not reasonably available, with the consent of the defendant and a finding by the district court judge that further delay of the proceeding will result in serious harm to the interests of justice. *See* CARES Act § 15002(b)(2)(A) (noting that if "the district judge in a particular case finds for specific reasons that the plea . . . in that case cannot be further delayed without serious harm to the interests of justice, the plea . . . may be conducted by video teleconference, or by telephone conference if video teleconferencing is not reasonably available"); *id.* § 15002(b)(4) ("Video teleconferencing or telephone conferencing authorized under paragraph (1) or (2) may only take place with the consent of the defendant . . . after consultation with counsel."); *see also* Southern District of New York Amended Standing Order, 20 Misc. 176, June 24, 2020. The defendant's counsel has represented to the Government that the defendant consents to proceeding with the guilty plea remotely in accordance with Section 15002(b)(4).

  The parties jointly submit that the plea in this case cannot be further delayed without serious harm to the interests of justice. *First*, the age of the conduct counsels against further delaying the plea. The tax crimes to which the defendant is expected to plead guilty date back to 2011. Given the indefinite duration of pandemic conditions, further delaying the change-of-plea could result in witnesses' recollections being further deteriorated with the passage of time. This concern could be ameliorated by proceeding to trial quickly, but doing so would harm the defendant's interests by resulting in a loss of acceptance-of-responsibility points and a higher

sentencing range under the U.S. Sentencing Guidelines.  *Second*, further delay would harm the interests of the Internal Revenue Service ("IRS"), which, as the victim in this case, has an interest in the prompt entry of a restitution order and a resolution of the defendant's outstanding tax liabilities.  *Finally*, further delay would harm the defendant's interest in resolving this matter while minimizing his total criminal and civil tax liabilities to the IRS.  The defendant has not timely filed tax returns since 2011.  The proposed resolution in this case is intended to give the defendant an opportunity to resolve all of his outstanding tax liabilities with the IRS, both criminally and civilly.  That process, which is expected to start with the defendant's guilty plea, will entail the defendant working with his counsel and/or tax professionals and the IRS to file accurate tax returns and determine his outstanding tax liabilities.[1]  Further delaying the change-of-plea proceeding would harm the defendant's interests because it would likely result in additional interest and penalties, as well as a new tax liability for an additional tax year (2020). Further delay may also impede the defendant's ability to file accurate an accurate tax return for 2020 insofar as preparing that return requires having tax-related information from prior years.

Accordingly, the parties respectfully request that the Court enter the attached proposed order, allowing the defendant's change-of-plea hearing to proceed remotely under the CARES Act.

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney

By:  /s/

LOUIS A. PELLEGRINO
OLGA ZVEROVICH
Assistant United States Attorneys
Tel.   (212) 637-2617 / 2514
louis.pellegrino@usdoj.gov
olga.zverovich@usdoj.gov

---

[1] The Government understands that, consistent with the plea agreement, the defense would like the opportunity to file accurate tax returns and ascertain the defendant's outstanding tax liabilities before proceeding with sentencing.  Accordingly, the parties intend to confer with the Court to set an appropriate date for sentencing.