K9oWkozP

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4             v.                          19 Cr. 460 (KMW)(SN)

5   TODD KOZEL,

6              Defendant.
                                         Plea (via telephone)
7   ------------------------------x

8                                        New York, N.Y.
                                         September 24, 2020
9                                        10:30 a.m.

10  Before:

11
                        HON. SARAH NETBURN,
12
                                         U.S. Magistrate Judge
13
                           APPEARANCES
14
    AUDREY STRAUSS
15       Acting United States Attorney for
         the Southern District of New York
16  BY:  LOUIS A. PELLEGRINO III
         Assistant United States Attorney
17
    JEFFREY B. CROCKETT
18       Attorney for Defendant

19

20

21

22

23

24

25

K9oWkozP

1           (Case called)

2           THE COURT:  Good morning, everybody.  This is Judge

3   Netburn.

4           MR. PELLEGRINO:  Good morning, your Honor.  Louis

5   Pellegrino for the government.

6           THE COURT:  Good morning.

7           MR. CROCKETT:  Jeffrey Crockett, admitted *pro hac*

8   *vice*, counsel for defendant.

9           THE COURT:  Thank you.  Good morning.

10          Before we begin, let me just make sure I understand

11  our agenda.

12          Does the defendant need to be arraigned on the

13  information?

14          MR. PELLEGRINO:  Yes, your Honor.  The defendant needs

15  to be arraigned on the superseding information.

16          THE COURT:  OK.

17          MR. CROCKETT:  He'll be pleading guilty to it,

18  contrary to what happens at most arraignments.

19          THE COURT:  OK.  If you'd like, what I typically do

20  when we do this proceeding in this order is I will arraign the

21  defendant.  I will advise him that I understand that the

22  primary purpose of the proceeding is to have him enter a plea

23  of guilty but that during the arraignment portion, which is the

24  first few minutes, he can enter a plea of not guilty, and then

25  we can switch into the plea proceeding, at which point he will

K9oWkozP

1    indicate that he intends to change his plea and enter a plea of

2    guilty to those charges.

3             Does that work with you, counsel?

4             MR. PELLEGRINO:  Yes, your Honor.

5             MR. CROCKETT:  If that's acceptable to the government,

6    that's acceptable to us.

7             MR. PELLEGRINO:  That's acceptable to the government.

8             THE COURT:  OK.

9             MR. CROCKETT:  In that case, your Honor, we have read

10   the indictment and would waive reading in court, but I didn't

11   mean to interrupt.

12            THE COURT:  OK.

13            All right.  Let's now begin.

14            Let me remind everybody that this is a public

15   proceeding and that members of the public and the press are

16   able to access the proceedings through the public call-in

17   number.  All participants are reminded that any recording or

18   rebroadcasting of any portion of today's proceeding is strictly

19   prohibited.

20            In light of the pandemic, we are conducting this

21   proceeding by remote means; you're all appearing by telephone.

22   I understand that Judge Wood has signed what we've been calling

23   the CARES Act order to authorize the plea proceeding to go

24   forward remotely, finding that the interests of justice require

25   it.  Because of the pandemic, we are conducting most

K9oWkozP

1    proceedings remotely pursuant to the authority provided by

2    Section 15002 of the CARES Act and the standing orders of our

3    chief judge and, as I indicated, additionally, as a result of

4    the order signed by Judge Wood, I believe, yesterday.

5              Let me confirm, Mr. Kozel, that you agree to proceed

6    with this proceeding by remote means.

7              THE DEFENDANT:  Yes, your Honor.

8              THE COURT:  OK.  And just to be clear, you have the

9    right to appear in court and stand before a judge and the

10   government lawyer, but in light of the COVID-19 pandemic and

11   the serious risk of harm to the health and safety of all people

12   involved, you can waive that right and consent to proceed by

13   remote means.  I just want to confirm that you've agreed to do

14   that for both the arraignment, which will be the initial

15   presentation of the charges, as well as the plea proceeding.

16   Is that correct?

17             THE DEFENDANT:  I agree, your Honor.

18             THE COURT:  OK.

19             MR. PELLEGRINO:  And your Honor, if I may?  I just

20   wanted to raise two points.

21             One is we had requested the proceedings -- well, the

22   default for the proceedings would be that they would be by

23   video.  We made that request, and I don't think that's

24   happened.  And so under the CARES Act, we would just ask that

25   the Court make the finding that video was not reasonably

K9oWkozP

1    available.

2           That was one.  And then secondly, I believe Mr. Kozel

3    also needed to consent in writing, and I believe that form was

4    submitted to your deputy this morning.  I wanted to make sure

5    that that was addressed on the record as well.

6           THE COURT:  Thank you.

7           First, I will make the finding that video was not

8    reasonably available in light of the limited access we have to

9    video proceedings.  I find that it is not reasonably available

10   and that the interests of justice require that we proceed at

11   this time for Mr. Kozel's arraignment and guilty plea

12   proceedings.  I do make that finding.

13          If you have --

14          MR. CROCKETT:  Your Honor, I just wanted to advise

15   that -- just pointing out that the defendant's name is

16   pronounced Kozel.  Sorry.  The accent is on the last syllable.

17   Sorry.

18          THE COURT:  OK.  Thank you.

19          Let me remind everybody of a few things.

20          One, because we're proceeding by telephone, there is

21   no body language to read, so people need to be particularly

22   sensitive about speaking up when somebody else is speaking so

23   we don't interrupt one another and so that the court reporter

24   can accurately transcribe the proceedings.

25          Second, we need to have lawyers consistently introduce

K9oWkozP

1   themselves before they speak because the court reporter cannot

2   tell who is speaking, and if you want to have an accurate

3   transcript, you need to say your name every single time you

4   speak.  So please let's try and avoid interruptions, and when

5   you do speak, please state your name clearly.

6          Mr. Kozel, I apologize for mispronouncing your name.

7          All right.  I do have the form, the waiver of the

8   right to be present at criminal proceedings.  That has been

9   signed by Mr. Kozel by his lawyer.

10         Mr. Kozel, I was just asking you, and I believe you

11  were consenting to proceed with this arraignment and plea by

12  telephonic means.  Is that correct?

13         THE DEFENDANT:  Yes, your Honor.  That's correct.

14         THE COURT:  OK.

15         All right.  As I indicated, what I want to do first is

16  arraign you on the information.  What that means, sir, is that

17  I'm just going to describe the nature of the charges against

18  you, make sure you understand what they are.  This would be

19  something that would ordinarily happen at the beginning of your

20  proceeding, and I'm going to ask you how you plead to the

21  charges.

22         It is typical when a defendant is being arraigned and

23  then proceeding directly into a guilty plea to enter a plea of

24  not guilty to these charges even though I understand that you

25  are here today for the purposes of entering a guilty plea.

K9oWkozP

1   When we switch to the plea proceeding, you can indicate that

2   you intend to change your plea and enter a plea of guilty to

3   that charge.

4           Do you understand what I'm saying, Mr. Kozel?

5           THE DEFENDANT:  Yes, your Honor.

6           THE COURT:  OK.  Do you need any time to speak with

7   your lawyer before we proceed?

8           THE DEFENDANT:  If I may have a brief word?

9           THE COURT:  Ms. Slusher, is there a way to move the

10  defendant and his lawyer into a private room?

11          THE DEPUTY CLERK:  I'm going to have to open the

12  conference monitors.

13          MR. CROCKETT:  If you may, he may want to just call me

14  on the cell and I'll leave the room and the rest of you can

15  just be on hold for two minutes, if that's acceptable.

16          THE COURT:  Sure.  Or you can hang up and then just

17  call back in.

18          MR. CROCKETT:  All right.

19          THE COURT:  We'll take a brief recess.

20          MR. CROCKETT:  Thank you, your Honor.

21          (Recess)

22          MR. CROCKETT:  Your Honor, I think we're all back on

23  the line now.

24          THE COURT:  Terrific.

25          Mr. Kozel, are you there?

K9oWkozP

1        THE DEFENDANT:  Your Honor, I'm here.

2        THE COURT:  All right.  Mr. Kozel, we're going to

3   first proceed with the arraignment, which, as I explained to

4   you, is simply to make sure that you understand the nature of

5   the charges against you.  You have been charged in a five-count

6   superseding information.  Each count charges you with the

7   willful failure to file tax returns, in violation of Title 26

8   of the United States Code, Section 7203.

9        Sir, you have the right to be charged by a grand jury.

10  That right is found in the Constitution.  A grand jury can

11  issue an indictment instead of an information like this.  A

12  grand jury is a group of 23 ordinary citizens that are called

13  to jury service to hear the government's evidence in criminal

14  cases and to decide whether the evidence is sufficient to

15  justify bringing you to trial.

16        In order to return an indictment, at least 12 of the

17  grand jurors must vote for the indictment, finding that there

18  was probable cause to believe that an offense was committed and

19  that you committed it.  You have the right to have these

20  charges considered by a grand jury, which means that without

21  your consent, these charges could not even be brought unless

22  approved by the grand jury.  But if you waive indictment by the

23  grand jury, the case will proceed against you by information

24  just as if you had been indicted.

25        Do you understand that, Mr. Kozel?

K9oWkozP

```
1              THE DEFENDANT:  Yes, your Honor.

2              THE COURT:  OK.  Previously, you were given a

3    waiver-of-indictment form that I believe your lawyer has signed

4    on your behalf.  Did your lawyer discuss this with you?

5              THE DEFENDANT:  Yes, your Honor.

6              THE COURT:  And do you understand that by signing this

7    form, you are giving up your right to be charged by the grand

8    jury and that you are agreeing instead to have the charges

9    filed by the United States Attorney?

10             THE DEFENDANT:  Yes, your Honor.

11             THE COURT:  Have you discussed with your attorney the

12   advantages and disadvantages of waiving indictment?

13             THE DEFENDANT:  Yes, your Honor.

14             THE COURT:  Have any threats or promises been made

15   other than anything written in your plea agreement in this

16   case --

17             THE DEFENDANT:  No, your Honor.

18             THE COURT:  -- to get you to waive indictment?

19             Sorry.  Let me ask the question again.

20             Have any threats or promises been made to get you to

21   waive indictment?

22             THE DEFENDANT:  No, your Honor.

23             THE COURT:  OK.  And I just want to confirm that you

24   wish to give up your right to be charged by the grand jury.  Is

25   that correct?
```

K9oWkozP

| | |
|---|---|
| 1 | THE DEFENDANT:  Yes, your Honor. |
| 2 | THE COURT:  Have you had a chance to discuss the |
| 3 | charges that I just described for you, the five counts set |
| 4 | forth in the superseding information? |
| 5 | THE DEFENDANT:  Yes, your Honor. |
| 6 | THE COURT:  And for purposes of this arraignment, how |
| 7 | do you plead to those charges? |
| 8 | MR. CROCKETT:  Your Honor, the defendant would plead |
| 9 | not guilty to those charges. |
| 10 | THE COURT:  OK.  So for the arraignment we will go |
| 11 | ahead and enter a plea of not guilty. |
| 12 | MR. PELLEGRINO:  Your Honor, if I may just make a note |
| 13 | for the record? |
| 14 | Because this is a misdemeanor, the government does not |
| 15 | feel that it's necessary for him to have waived his right to an |
| 16 | indictment.  We think under the criminal procedure rules, he is |
| 17 | not obligated -- he's not afforded the right of a jury or an |
| 18 | indictment in the case of a misdemeanor, but we have no |
| 19 | objection to the Court's allocution on those points that you |
| 20 | just made. |
| 21 | THE COURT:  Thank you.  I don't think I appreciated |
| 22 | that these were now misdemeanor charges. |
| 23 | Will the case stay with Judge Wood, or will it be |
| 24 | reassigned; do you know? |
| 25 | MR. PELLEGRINO:  As far as we know, it's our |

K9oWkozP

1    understanding, Judge Wood will continue to have the case, and

2    she did ask us to call after this proceeding to establish a

3    sentencing date.

4                    THE COURT:  Understood.

5                    Mr. Pellegrino, I also have a consent to proceed

6    before a United States magistrate judge on a felony plea

7    allocution, but that is no longer necessary because this is not

8    a felony plea allocution, is that correct?

9                    MR. PELLEGRINO:  Correct, your Honor.  That's correct.

10                   THE COURT:  OK.

11                   All right.  Mr. Kozel, we're going to move forward now

12   to the plea proceeding.  As we were just discussing, you've

13   been charged in a five-count misdemeanor information.  Each

14   count charges you with the willful failure to file tax returns,

15   in violation of Title 26 of the United States Code, Section

16   7203.  I understand that you now wish to change your plea and

17   enter a plea of guilty as to these charges.  Is that correct?

18                   THE DEFENDANT:  Yes, your Honor.

19                   THE COURT:  Before deciding whether to accept your

20   guilty plea, I'm going to ask you certain questions.  It's very

21   important that you answer these questions honestly and

22   completely.  The purpose of these proceedings is to make sure

23   that you understand your rights, to decide whether you are

24   pleading guilty of your own free will, and to make sure that

25   you're pleading guilty because you are guilty and not for some

K9oWkozP

1    other reason.

2              Do you understand what I'm saying?

3              THE DEFENDANT:  Yes, your Honor.

4              MR. CROCKETT:  Your Honor, if I may?  Is it necessary

5    to swear the witness at this point -- the defendant?

6              THE COURT:  Sir, I've been doing this for a long time.

7    I would appreciate if you would not interrupt.

8              MR. CROCKETT:  I apologize, your Honor.

9              THE COURT:  I'm going to go forward with the

10   proceeding --

11             MR. CROCKETT:  I apologize.

12             THE COURT:  -- and I will have the defendant sworn in.

13             Mr. Kozel, if you don't understand any of my questions

14   or if you need any time to consult with your attorney, please

15   say so, because it's important that you understand every

16   question before you answer it.  Will you do that?

17             THE DEFENDANT:  Yes, your Honor.

18             THE COURT:  OK.  I will now ask my deputy to swear the

19   defendant.

20             (Defendant sworn)

21             THE DEPUTY CLERK:  Would you please state your full

22   name for the record.

23             THE DEFENDANT:  Todd Francis Kozel.

24             THE COURT:  Thank you, sir.

25             Do you understand that you're now under oath and if

K9oWkozP

1     you answer any of my questions falsely you can be prosecuted

2     for perjury?

3                  THE DEFENDANT:  Yes, your Honor.

4                  THE COURT:  Mr. Kozel, how old are you?

5                  THE DEFENDANT:  I am 53.

6                  THE COURT:  And are you a United States citizen?

7                  THE DEFENDANT:  Yes, your Honor.

8                  THE COURT:  The reason why I ask whether you are a

9     United States citizen is because if you are not a citizen, your

10    conviction could have consequences to your ability to remain in

11    the United States.  If you were found to be a noncitizen, you

12    could be removed from the United States, denied citizenship and

13    denied admission to the United States in the future, and you

14    would be bound by your guilty plea regardless of those

15    immigration consequences and regardless of any advice you

16    received from your lawyer or anyone else regarding those

17    immigration consequences.

18                   Mr. Kozel, how far did you go in school?

19                  THE DEFENDANT:  Three years of university.

20                  THE COURT:  And what did you study?

21                  THE DEFENDANT:  Oh, general business.

22                  THE COURT:  OK.  That was here in the United States.

23                  THE DEFENDANT:  Yes, ma'am.

24                  THE COURT:  Are you currently or have you recently

25    been under the care of a doctor or a psychiatrist for any

K9oWkozP

1    reason?

2              THE DEFENDANT:  Nothing unusual, your Honor.

3              THE COURT:  Could you just describe for me

4    generally -- when you say nothing unusual, do you mean just

5    regular healthcare maintenance?

6              THE DEFENDANT:  Yes, your Honor.

7              THE COURT:  Have you taken any mind-altering drugs,

8    medicine or pills or consumed any alcohol in the last 24 hours?

9              THE DEFENDANT:  No, your Honor.

10             THE COURT:  Is your mind clear today?

11             THE DEFENDANT:  Yes, your Honor.

12             THE COURT:  Do you understand what's happening in

13   these proceedings?

14             THE DEFENDANT:  Yes, your Honor.

15             THE COURT:  Does the government have any objection to

16   the defendant's competence to enter a guilty plea at this time?

17             MR. PELLEGRINO:  No, your Honor.

18             THE COURT:  And does defense counsel have any

19   objection to the defendant's competence to enter a guilty plea

20   at this time?

21             MR. CROCKETT:  None whatsoever, your Honor.

22             THE COURT:  Sir, have you received a copy of the

23   written version of the charges against you in this case known

24   as the information?

25             THE DEFENDANT:  Yes, your Honor.

K9oWkozP

1              THE COURT:  And have you read it?

2              THE DEFENDANT:  Yes, your Honor.

3              THE COURT:  Do you understand what it says?

4              THE DEFENDANT:  Yes, your Honor.

5              THE COURT:  Do you want me to read it to you in open

6       court?

7              THE DEFENDANT:  No, your Honor.  I don't think that's

8       necessary.

9              THE COURT:  OK.  You have the right to have it read in

10      open court if you wish, but you can also waive that right.

11             THE DEFENDANT:  I choose to waive that right, your

12      Honor.

13             THE COURT:  And as we've been discussing, you

14      understand that you're charged generally with five misdemeanor

15      counts for the willful failure of filing tax returns, in

16      violation of Title 26 of the United States Code, Section 7203.

17      Is that correct?

18             THE DEFENDANT:  Yes, your Honor.

19             THE COURT:  And have you had a chance to talk with

20      your attorney about these charges and about how you wish to

21      plead?

22             THE DEFENDANT:  Yes, your Honor.

23             THE COURT:  Has he told you the consequences of

24      pleading guilty?

25             THE DEFENDANT:  Yes, your Honor.

K9oWkozP

1        THE COURT:  Are you satisfied with your attorney's

2    representation of you?

3        THE DEFENDANT:  Yes, your Honor.

4        THE COURT:  Mr. Kozel, I'm now going to explain

5    certain constitutional rights that you have.  These are rights

6    that you will be giving up if you enter a guilty plea.  Please

7    listen carefully to what I'm about to say, and if you don't

8    understand something, please stop me and your attorney or I

9    will explain the issue more fully.  OK?

10        THE DEFENDANT:  Yes, your Honor.

11        THE COURT:  Under the Constitution and the laws of the

12    United States, you have the right to plead not guilty to the

13    charges contained in this information.

14        Do you understand that?

15        THE DEFENDANT:  Yes, your Honor.

16        THE COURT:  And if you pled not guilty, you would be

17    entitled under the Constitution to a speedy and public trial by

18    a jury on those charges.  At that trial, you would be presumed

19    innocent, and the government would be required to prove you

20    guilty beyond a reasonable doubt before you could be found

21    guilty.  That means that you would not have to prove that you

22    were innocent and you would not be convicted unless a jury of

23    12 people agreed unanimously that you were guilty beyond a

24    reasonable doubt.

25        Do you understand that?

K9oWkozP

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  If you decided to go to trial, at that

3     trial and at every stage of your case, you would have the right

4     to be represented by an attorney.  If you could not afford an

5     attorney, one would be appointed to represent you at the

6     government's expense and at no cost to you.  If you retained

7     defense counsel and ran out of money, an attorney would be

8     appointed to continue to represent you.  When an attorney is

9     appointed, the attorney is appointed to handle your case all

10    the way through trial and not just for a guilty plea, so your

11    decision to plead guilty should not depend on whether you can

12    afford to hire an attorney.

13          Do you understand that?

14          THE DEFENDANT:  Yes, your Honor.

15          THE COURT:  During a trial, the witnesses for the

16    prosecution would have to come into court and testify in your

17    presence, where you could see and hear them, and your lawyer

18    could cross-examine those witnesses.  And if you wanted, your

19    lawyer could offer evidence on your behalf.  You would be able

20    to use the court's power to compel witnesses to come to court

21    to testify in your defense even if they did not want to come.

22          Do you understand that?

23          THE DEFENDANT:  Yes, your Honor.

24          THE COURT:  At a trial, you would have the right to

25    testify in your own defense if you wanted to, but you would

K9oWkozP

1   also have the right not to testify, and if you chose not to

2   testify, that could not be used against you in any way.  No

3   inference or suggestion of guilt could be made from the fact

4   that you did not testify.

5           Do you understand that?

6           THE DEFENDANT:  Yes, your Honor.

7           THE COURT:  And as I said before, you have the right

8   to plead not guilty.  Even right now, even as you sit here

9   today for the purposes of entering a guilty plea, you have the

10  right to change your mind, persist in your not guilty plea and

11  proceed to trial.  But if you do plead guilty and I accept your

12  plea, you will give up the trial and all the rights that go

13  with it that I just described.  If you plead guilty, there will

14  be no trial.  All that will remain to be done will be to impose

15  sentence.  You and the government will have a chance to make

16  arguments about what that sentence should be, but there would

17  not be any further trial to determine whether you were guilty

18  or not guilty of the charges to which you pled guilty.

19          Do you understand that?

20          THE DEFENDANT:  Yes, your Honor.

21          THE COURT:  Do you understand that the decision as to

22  the appropriate sentence in your case will be entirely up to

23  the sentencing judge and that that judge will be limited only

24  by what the law requires?  This means that even if you are

25  surprised or disappointed by your sentence, you will still be

K9oWkozP

1    bound by your guilty plea.

2              Do you understand that?

3              THE DEFENDANT:  Yes, your Honor.

4              THE COURT:  Finally, if you do plead guilty, you're

5    also giving up your right not to incriminate yourself, and I

6    will ask you questions about what you did in order to satisfy

7    myself that you are actually guilty.  By pleading guilty, you

8    are admitting to your factual as well as your legal guilt.

9              Do you understand that?

10             THE DEFENDANT:  Yes, your Honor.

11             THE COURT:  Sir, you said earlier that you've read the

12   information containing the charges against you; you understand

13   that you've been charged with the willful failure of filing tax

14   returns.

15             I'm now going to ask the assistant United States

16   attorney to state the elements of that charge.  The elements

17   are the things that the government would have to prove beyond a

18   reasonable doubt if the case were to proceed to trial.

19             Mr. Pellegrino.

20             MR. PELLEGRINO:  Thank you, your Honor.

21             The elements are three:

22             First, that the defendant was required to file an

23   income tax return for the calendar years in question, which in

24   this case is 2011 through 2015;

25             Second, that the defendant failed to file an income

K9oWkozP

1    tax return for the calendar years in question; and

2          Third, that the defendant's failure to file an income

3    tax return for the calendar years in question was knowing and

4    willful, or in other words, that the defendant failed to file a

5    return knowingly, voluntarily and intentionally as opposed to

6    as a result of accident or negligence.

7          In addition, in this case, your Honor, when we do the

8    allocution portion, we would want to allocute the defendant

9    regarding venue and statute of limitations.  Those are both

10   items that are waived in the plea agreement, but we would

11   demonstrate at trial, additionally, that venue is appropriate

12   in the Southern District of New York by a preponderance of the

13   evidence here.

14          THE COURT:  Thank you.

15          Mr. Kozel, I'm now going to tell you the maximum

16   possible penalty for these crimes.  The maximum means the most

17   that could possibly be imposed.  It does not necessarily mean

18   this is what you will receive, but you have to understand that

19   by pleading guilty, you are exposing yourself to the

20   possibility of receiving any combination of punishment up to

21   the maximum that I'm about to describe.

22          Do you understand that?

23          THE DEFENDANT:  Yes, your Honor.

24          THE COURT:  First, I'm going to tell you about the

25   possible restrictions on your liberty.

K9oWkozP

1        In this case, the maximum term of imprisonment for

2    each count individually is one year, which means that there is

3    a total maximum term of imprisonment on Counts One through Five

4    of five years.

5        In addition, each count carries a maximum term of

6    supervised release of one year.

7        Supervised release means that if you are sentenced to

8    prison and thereafter released from prison, you may be subject

9    to supervision by the probation department.  You should

10   understand that if you are placed on supervised release and

11   thereafter violate any of the terms or conditions of that

12   release, you may have your term of supervised release revoked

13   and the district judge that sentenced you may return you to

14   prison without giving you any credit for the time that you

15   spent on postrelease supervision.

16       Do you understand that?

17       THE DEFENDANT:  Yes, your Honor.

18       THE COURT:  Second, in addition to these restrictions

19   on your liberty, the maximum possible punishment also includes

20   certain financial penalties.  In this case, the maximum

21   allowable fine on each count is the greatest of $100,000, or

22   twice what was made by the criminal activity or twice what

23   someone other than yourself lost because of the criminal

24   activity.

25       In addition, there is a mandatory special assessment

K9oWkozP

1    on each count of conviction for $25, which means there's a

2    total mandatory assessment of $125 for the five counts of

3    conviction.

4            In addition, the Court must order restitution, which

5    I'll describe in a moment to you.

6            Sir, has anyone threatened you or coerced you in any

7    way to get you to plead guilty?

8            THE DEFENDANT:  No, your Honor.

9            THE COURT:  And has anyone, other than the prosecution

10   by way of its plea agreement, promised you or offered you

11   anything to get you to plead guilty?

12           THE DEFENDANT:  No, your Honor.

13           THE COURT:  And as I just referenced, there is an

14   agreement between you and the government concerning this plea.

15   Is that correct?

16           THE DEFENDANT:  That's correct, your Honor.

17           THE COURT:  Did you sign this agreement?

18           THE DEFENDANT:  Yes, your Honor.

19           THE COURT:  And did you read the agreement before you

20   signed it?

21           THE DEFENDANT:  Yes, your Honor.

22           THE COURT:  Have you had an opportunity to discuss the

23   agreement with your lawyer?

24           THE DEFENDANT:  Yes, I have.

25           THE COURT:  OK.  Do you understand its terms?

K9oWkozP

1              THE DEFENDANT:  Yes, your Honor.

2              THE COURT:  OK.  I want to go over some of the

3      important terms of this agreement.

4              First, I understand that you and the government have

5      agreed as to the appropriate calculation of your sentence under

6      the sentencing guidelines.  Is that correct?

7              THE DEFENDANT:  Yes, your Honor.

8              THE COURT:  OK.  I don't know if you have the plea

9      agreement in front of you.  It's on page 3 of that plea

10     agreement.  You and the government have agreed that the

11     appropriate guidelines range is between 57 to 71 months'

12     imprisonment but that there is a statutory maximum term of five

13     years' imprisonment, so the effective guidelines range is 57 to

14     60 months' imprisonment.  Is that correct?

15             THE DEFENDANT:  Yes, your Honor.

16             THE COURT:  In addition, you and the government have

17     agreed that the appropriate fine range in this case is 20,000

18     to $200,000, is that correct?

19             THE DEFENDANT:  Yes, your Honor.

20             THE COURT:  Under this agreement, neither you nor the

21     government will seek a departure or adjustment pursuant to the

22     guidelines that's not otherwise set forth in this agreement.

23             Do you understand that?

24             THE DEFENDANT:  Yes, your Honor.

25             THE COURT:  However, the agreement provides that

K9oWkozP

1    either party may seek a sentence that is outside of the

2    stipulated guidelines range based on the factors that are set

3    forth in our sentencing statute, which you can find at Title 18

4    of the United States Code, Section 3553(a).

5             Do you understand that?

6             THE DEFENDANT:  Yes, your Honor.

7             THE COURT:  In addition, as Mr. Pellegrino referenced

8    a moment ago, in this plea agreement, you are agreeing to waive

9    any defense based on the venue, meaning that the charges are

10   being brought in the Southern District of New York.  Is that

11   correct?

12            THE DEFENDANT:  Yes, your Honor.

13            THE COURT:  You've also agreed to waive any defense to

14   the charges based on what's called the statute of limitation,

15   which is a period of time that limits when charges may be

16   brought.  Is that correct, that you've agreed to waive that

17   defense as well?

18            THE DEFENDANT:  Yes, your Honor.

19            THE COURT:  In this agreement, you are agreeing to

20   make restitution in the amount of additional taxes due and

21   owing as a result of the filing of accurate income tax returns

22   for the calendar years 2011 through 2019, or that you will

23   enter a Form 870 waiver, is that correct?

24            THE DEFENDANT:  Yes, your Honor.

25            THE COURT:  But you have agreed that in no case the

K9oWkozP

1    restitution amount will be less than $9,500,000, is that

2    correct?

3              THE DEFENDANT:  Yes, your Honor.

4              THE COURT:  And you've agreed to pay that restitution

5    in an amount and according to a plan that will be established

6    later by the court, is that correct?

7              THE DEFENDANT:  I believe the court and cooperation

8    with the IRS, yes, your Honor.

9              THE COURT:  OK.

10             In this agreement, you agree that at least two weeks

11   before your sentencing date, you will file with the IRS and

12   provide copies to the U.S. Attorney's Office accurate

13   individual tax returns for calendar years 2011 through 2019, or

14   that you will have entered into a Form 870 waiver restriction,

15   is that correct?

16             THE DEFENDANT:  Yes, your Honor.

17             THE COURT:  In this agreement, you have limited in

18   certain respects your ability to appeal from your conviction

19   and sentence.

20             Do you understand that?

21             THE DEFENDANT:  Yes, your Honor.

22             THE COURT:  Specifically, you've agreed that you will

23   not file a direct appeal or bring a collateral challenge,

24   sometimes called a habeas motion, or seek a sentence

25   modification so long as your sentence is within or below the

K9oWkozP

1    stipulated guidelines range of 57 to 60 months' imprisonment.

2              Do you understand that?

3              THE DEFENDANT:  Yes, your Honor.

4              THE COURT:  And you've agreed not to appeal any

5    sentence that is less than or equal to the statutory maximum.

6              Do you understand that?

7              THE DEFENDANT:  Yes, your Honor.

8              THE COURT:  You've also agreed that you will not

9    appeal any restitution amount that is less than or equal to

10   $9,500,000.

11             Do you understand that?

12             THE DEFENDANT:  Yes, your Honor.

13             THE COURT:  And you've agreed not to appeal any fine

14   amount that is less than or equal to $200,000 or any special

15   assessment amount that is less than or equal to $125.

16             Do you understand all of that?

17             THE DEFENDANT:  Yes, your Honor.

18             THE COURT:  One of the most important things for you

19   to understand is that this plea agreement is not binding on the

20   sentencing judge and that the sentencing judge may reject these

21   calculations and impose a sentence that is more severe than the

22   one that is set forth in this agreement.

23             Do you  understand that?

24             THE DEFENDANT:  Yes, your Honor.

25             THE COURT:  The sentencing judge is required to make

K9oWkozP

1    her own, independent calculation under the sentencing

2    guidelines and then impose a sentence based on what she

3    believes is the appropriate sentence for you even if it is

4    different from the one set forth in this agreement.

5            Do you understand that?

6            THE DEFENDANT:  Yes, your Honor.

7            THE COURT:  In determining that sentence, the court

8    will consider, in addition to the guidelines and possible

9    departures from those guidelines, all of the factors that are

10   set forth in the sentencing statute which I referenced a moment

11   ago and which you can find at Title 18 of the United States

12   Code, Section 3553(a).

13           Do you understand that?

14           THE DEFENDANT:  Yes, your Honor.

15           THE COURT:  Those factors include the nature and

16   circumstances of the offense and the history and

17   characteristics of the defendant; the need for the sentence

18   imposed; the kinds of sentences that are available; the

19   sentencing range provided under the guidelines; the need to

20   avoid sentencing disparities; and the need to provide

21   restitution to victims.

22           In addition, the court will consider the presentence

23   report, which will be prepared by the probation department in

24   advance of your sentencing.

25           Before you are sentenced, you and the government will

K9oWkozP

1    have an opportunity to challenge the facts that are reported by

2    the probation officer.

3              Do you understand all of that?

4              THE DEFENDANT:  Yes, your Honor.

5              THE COURT:  Sir, now that you have been advised of the

6    charges against you and the possible penalties that you face

7    and the rights that you're giving up, is it still your

8    intention to plead guilty to Counts One through Five of the

9    superseding information?

10             THE DEFENDANT:  Yes, your Honor, it is.

11             THE COURT:  With respect to Count One of the

12   superseding information, how do you plead?

13             THE DEFENDANT:  Guilty.

14             THE COURT:  With respect to Count Two, how do you

15   plead?

16             THE DEFENDANT:  Guilty.

17             THE COURT:  With respect to Count Three, how do you

18   plead?

19             THE DEFENDANT:  Guilty.

20             THE COURT:  With respect to Count Four, how do you

21   plead?

22             THE DEFENDANT:  Guilty.

23             THE COURT:  With respect to Count Five, how do you

24   plead?

25             THE DEFENDANT:  Guilty.

K9oWkozP

1          THE COURT:  Mr. Kozel, can you tell me in your own

2     words what you did to make you believe that you are guilty of

3     the charges in this information.

4          THE DEFENDANT:  Your Honor, I didn't file tax returns

5     for five years, those being 2011 through 2015, which I knew was

6     legally required.  There are mitigating reasons for this, which

7     my counsel and I will address later, but my failure was knowing

8     and willful within the meaning of the law as you've described

9     to me.

10          THE COURT:  Mr. Pellegrino, any other questions you'd

11     like to ask the defendant?

12          MR. PELLEGRINO:  Just one other item, your Honor.

13          When I had referenced the elements earlier, the

14     failure to file must be intentional, so might the Court ask

15     whether he intentionally failed to file those returns?

16          THE COURT:  I think he said that he knowingly failed

17     to do so, but I can ask him other questions as well.

18          Mr. Kozel, did you intentionally fail to file your tax

19     returns from 2011 to 2015?

20          THE DEFENDANT:  I did.  I know they're legally

21     required, and I did not file those returns.

22          THE COURT:  Thank you.

23          Mr. Pellegrino, is that a sufficient allocution?

24          MR. PELLEGRINO:  Yes.  Thank you, your Honor.

25          THE COURT:  Any other questions you'd like me to ask

K9oWkozP

1    the defendant?

2              MR. PELLEGRINO:  No.  Thank you, your Honor.

3              THE COURT:  And does the government want to proffer

4    the information it would have if the case were to go to trial?

5              MR. PELLEGRINO:  Yes, your Honor.

6              At trial, the government would show, beyond a

7    reasonable doubt, that during each of the tax years from 2011

8    to 2015, the defendant earned substantial compensation by

9    serving as CEO of a foreign petroleum company.  We would show

10   that compensation totaled approximately $60 million or more,

11   and the government would show that despite earning that income,

12   the defendant did not file his personal income tax returns.

13             Our evidence would include, among other things, IRS

14   records and witness testimony from IRS agents, showing that the

15   defendant failed to file tax returns during each of those years

16   in question; evidence concerning a minimum threshold amount of

17   earnings that, if exceeded, requires the filing of tax returns;

18   evidence that includes bank records, business records and

19   records obtained from defendant's accountant; records from

20   other court proceedings the defendant has been involved in; and

21   annual reports filed by the oil company regarding the

22   defendant's compensation during the years in question.

23             THE COURT:  Thank you.

24             Mr. Kozel, on the basis of your responses to my

25   questions, I find that you're competent to enter a guilty plea.

K9oWkozP

1   I'm satisfied that you understand your rights, including your

2   right to have the case considered by the grand jury and your

3   right to go to trial; that you're aware of the consequences of

4   your plea, including the sentence that may be imposed; that

5   you're voluntarily pleading guilty and that you've admitted

6   that you're guilty as charged in Counts One through Five of the

7   information.

8         For these reasons I recommend that District Judge Wood

9   accept your plea of guilty as to Counts One through Five of the

10  information.

11        I'll direct the government to order a copy of the

12  transcript and submit it to Judge Wood so that she can act on

13  my recommendation.

14        Based on a prior statement, I understand that Judge

15  Wood has not yet set a sentencing date.  Is that correct?

16        MR. PELLEGRINO:  That's correct, your Honor.

17        THE COURT:  All right.  Do we need a control date?  Or

18  you said you're going to speak with her chambers today.

19        MR. PELLEGRINO:  Yes.  Her deputy asked that

20  Mr. Crockett and I contact chambers so we can mutually agree on

21  a time that works for everybody, so I think we can do it that

22  way.

23        THE COURT:  OK.

24        I'll direct that the presentence report be prepared.

25        Can the government deliver the case summary for

K9oWkozP

<table>
<tr><td>1</td><td>purposes of the presentence report to probation within 14 days?</td></tr>
</table>

1   purposes of the presentence report to probation within 14 days?

2              MR. PELLEGRINO:  Yes, your Honor.

3              THE COURT:  OK.

4              Mr. Crockett, can you and your client be available in

5   the next 14 days to be interviewed by probation?

6              MR. CROCKETT:  Yes, your Honor.

7              THE COURT:  Any objection to continuing the present

8   bail?

9              MR. PELLEGRINO:  No, your Honor.

10             THE COURT:  OK.

11             Mr. Kozel, all of the conditions on which you've been

12  released up until now continue to apply and a violation of

13  those can have serious consequences, including revocation of

14  bail and prosecution for bail-jumping.

15             Do you understand that?

16             THE DEFENDANT:  Yes, your Honor.

17             THE COURT:  In addition, if you commit a crime while

18  you are released on bail, that may lead to more severe

19  punishment than you would get for committing the same crime at

20  any other time.  And of course, if you commit a crime or

21  violate the plea agreement with the government in any way, you

22  may be subject to revocation by the government of your plea

23  agreement with all of the consequences that are described

24  therein.

25             Do you understand that?

K9oWkozP

1              THE DEFENDANT:  Yes, your Honor.

2              THE COURT:  All right.

3              Anything further from the government?

4              MR. PELLEGRINO:  No.  Thank you, your Honor.

5              THE COURT:  Anything further from the defense?

6              MR. CROCKETT:  No, your Honor.  Thank you.

7              THE COURT:  All right.

8              Thank you, everybody.  I hope everybody remains

9    healthy and safe.

10             We are adjourned.

11             THE DEFENDANT:  Thank you, your Honor.

12             (Adjourned)

13

14

15

16

17

18

19

20

21

22

23

24

25