UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

UNITED STATES OF AMERICA

|  |
|---|
| USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: May 20, 2020 |

**SEALED**

-v.-

TODD KOZEL,

19-CR-460 (KMW)

**OPINION & ORDER**

Defendant.

-------------------------------------------------------X

KIMBA M. WOOD, United States District Judge:

  Defendant Todd Kozel is under investigation by a grand jury for various criminal violations of federal tax law. The United States has moved to compel Defendant to comply with a grand jury subpoena, dated March 3, 2020 (the "Subpoena"). The Subpoena requires Defendant to produce the records he is required to maintain pursuant to 31 C.F.R. § 1010.420, which pertain to foreign financial accounts, for the past five years. Defendant asserts that the Fifth Amendment protects him from complying with the Subpoena, because producing the requested documents might be self-incriminating.

  The Fifth Amendment protects defendants from being compelled to produce documents when the "act of production" would communicate the existence or authenticity of incriminating documents. *United States v. Hubbell*, 530 U.S. 27, 37 (2000). One exception to this rule is the "required records" exception. Under this exception, the Fifth Amendment provides no protection where a defendant is compelled to produce certain documents that must be maintained pursuant to a civil regulatory regime. *Shapiro v. United States*, 335 U.S. 1, 32 (1948).

  The records that must be kept pursuant to 31 C.F.R. § 1010.420 are "required records" because they must be maintained in compliance with the Bank Secrecy Act ("BSA"), a valid civil

regulatory regime. *In re Grand Jury Subpoena Dated February 2, 2012*, 741 F.3d 339, 352 (2d Cir. 2013). Thus, both the contents of these records and the act of producing them, even when incriminating, may be compelled by a grand jury subpoena. *See id.*

Defendant's arguments to the contrary are not persuasive. Defendant claims his case is governed by *United States v. Greenfield*, 831 F.3d 106, 116 n.6 (2d Cir. 2016), in which the Second Circuit held that BSA records more than five years old are not subject to the required records exception because they need not be maintained by law. Here, the records requested by the Subpoena all fall within the five year period during which individuals are required to maintain records under the BSA. The Court is also unconvinced by Defendant's speculation that the Government is improperly using the Subpoena in support of its prosecution of a separate, already-indicted wire fraud case that is presently pending against Defendant. *See United States v. Kozel*, 19-CR-460 (S.D.N.Y. June 19, 2019). Evidence that Defendant has had undisclosed interests in foreign financial accounts in the past five years would be directly relevant to the grand jury's investigation of Defendant's compliance with federal tax law.

Therefore, the United States' motion to compel is granted. Defendant is ordered to comply with the Subpoena.

SO ORDERED.

Dated: New York, New York
May 20, 2020

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge

2