

U.S. Department of Justice

United States Attorney

District of Columbia

**FILED**

OCT 2 8 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

October 26, 2005

Frederick D. Cooke, Jr., Esq.
Rubin, Winston, Diercks, Harris & Cooke, L.L.P.
1155 Connecticut Avenue, N.W., Sixth Floor
Washington, D.C. 20036

                        Re:    <u>Marion S. Barry, Jr.</u>

Dear Mr. Cooke:

      This letter sets forth the full and complete plea offer to your client, Mr. Barry. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia, the Criminal Section of the Office of Attorney General for the District of Columbia, and the Tax Division of the Department of Justice ("the Government"). This plea offer will expire on October 28, 2005. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

      1. **Charges:** Mr. Barry agrees to plead guilty to an Information charging one count of a violation of Title 26, United States Code, Section 7203 (willful failure to file return) and one count of a violation of Title 47, D.C. Code, Section 4103(a) (willful failure to make return). It is understood that the guilty plea will be based on a factual admission of guilt to the offenses charged to be made before the Court by Mr. Barry and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure. Mr. Barry agrees that the enclosed "Statement of Offense" fairly and accurately describes the relevant facts. It is anticipated that, prior to the Rule 11 plea hearing, Mr. Barry will adopt and sign the Statement of the Offense as a written proffer of evidence.

      2. **Potential penalties, assessments, and restitution:** Mr. Barry understands that the maximum sentence that can be imposed for a violation of Title 26, United States Code, Section 7203 (willful failure to file return) is one (1) year of incarceration, a fine of $25,000, a $25 special assessment, a one (1) year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Mr. Barry also understands that the maximum sentence that can be imposed for a violation of Title 47, D.C. Code, Section 4103(a) (willful failure to make return) is 180 days of imprisonment, a fine of $5,000, a special assessment of between $50 and $250, a term of supervised release, an order of restitution,

costs of prosecution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Notwithstanding the maximum sentence, Mr. Barry understands that the sentence to be imposed in this case will be determined by the Court, guided by the factors enumerated in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (hereinafter "Sentencing Guidelines" or "U.S.S.G."). Mr. Barry understands that this sentence, including the applicable sentencing guideline range, will be determined solely by the Court, and, except as provided for in Paragraphs 3 through 5 below, the government cannot and does not make any promises, representations, or predictions regarding what sentence the Court will impose.

3. **Requested Sentence:** The parties understand that the defendant will request a probationary sentence. The Government agrees to take no position regarding the sentence to be imposed. However, as is provided in Paragraph 11 of this plea agreement, the federal and local taxing authorities retain all discretion in civil enforcement of the tax laws, including, but not limited to, the levying of fines and penalties.

4. **Financial Arrangements:** Mr. Barry agrees that, prior to the date of his sentencing, or as soon as possible, he will deliver to the Clerk's Office, United States District Court for the District of Columbia, a certified check in the amount of $75.00, to cover the special assessments, as required in Title 18, United States Code, Section 3013 and Title 4, District of Columbia Code, Section 516.

5. **Payment of Taxes:** Mr. Barry agrees to file federal and District of Columbia returns for tax years 1999, 2000, 2001, 2002, 2003 and 2004 (and any other year for which returns were not filed, if any), and to make arrangements for full payment of whatever taxes are due and owing. Mr. Barry agrees to cooperate with the Internal Revenue Service, the District of Columbia Office of Tax and Revenue, and any other federal, state, or local taxing authority in determining and paying the amounts due.

6. **Reservation of Allocution:** With the exception of its agreement not to take a position regarding the sentence to be imposed as stated in paragraph 3, the Government otherwise reserves its full right of allocution for purposes of sentencing and post-sentencing in this matter, including the right to set forth at sentencing and any proceeding(s) before the Bureau of Prisons all of its evidence with respect to the Mr. Barry's criminal activities. In addition, Mr. Barry acknowledges that the Government is not obligated, and does not intend, to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

7. **Disclosures for Presentence Investigation:** The Government reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this plea agreement.

2

8. **Defense of Court's Sentencing Decisions:** If in this plea agreement the Government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the Government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

9. **Government Concessions:** In exchange for his guilty plea, the Government agrees not to oppose Mr. Barry's release pending sentencing provided that Mr. Barry continues to show his acceptance of responsibility by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the Court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for his release by the Court. Also, subject to other paragraphs in this agreement, the Government will not bring any additional criminal charges against Mr. Barry in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia for failure to file returns up to the date of this agreement. This agreement not to prosecute Mr. Barry does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. § 16 and D.C. § 23-1331(4). It is understood that the Government has no evidence, as of the date of this agreement, of any crimes of violence involving Mr. Barry.

10. **Breach of Agreement:** Mr. Barry agrees that if he fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, or attempts to withdraw the plea, the Government will have the right to characterize such conduct as a breach of this plea agreement. In the event of such a breach, (a) the Government will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Mr. Barry's release (for example, should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's offense level or justify an upward departure -- examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court -- the Government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Mr. Barry will not have the right to withdraw the guilty plea; (c) Mr. Barry shall be fully subject to criminal prosecution for any other crimes he has committed or might commit, if any, including perjury and obstruction of justice; and (d) the Government will be free to use against Mr. Barry, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by him pursuant to this agreement.

11. **USAO's Criminal Division, DC Office of Attorney General, and DOJ Tax Division Bound:** Mr. Barry understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia, the Criminal Section of the District of Columbia Office of Attorney General, and the Tax Division of the Department of Justice. This agreement does not bind the Civil Division of this Office or any other United States Attorney's Office; nor does it bind any other state, local, or federal prosecutor. It also does not bar or

3

compromise any civil, civil tax, administrative, or other non-criminal claim pending or that may be brought in the future against Mr. Barry.

12. **Complete Agreement:** No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein. Nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Mr. Barry, Mr. Barry's counsel, an Assistant Attorney General for the District of Columbia, and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Mr. Barry may indicate his assent by signing the agreement in the space indicated below and returning the original to us once it has been signed by Mr. Barry and his counsel.

Sincerely yours,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

JAMES W. COOPER
ASSISTANT UNITED STATES ATTORNEY

THOMAS E. ZENO
ASSISTANT UNITED STATES ATTORNEY

ROBERT J. SPAGNOLETTI
ATTORNEY GENERAL FOR THE
DISTRICT OF COLUMBIA

DAVID M. RUBENSTEIN
DEPUTY ATTORNEY GENERAL FOR THE
DISTRICT OF COLUMBIA

4

I have read this plea agreement and have discussed it with my attorney, Frederick D. Cooke, Jr. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me; nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offenses identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 10-28-05

MARION S. BARRY, JR.
DEFENDANT

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 28 October 2005

FREDERICK D. COOKE, JR.
ATTORNEY FOR MARION S. BARRY, JR.

Enclosure

5