# EXHIBIT "B"

# GROSSMAN ROTH AND PARTRIDGE
TRIAL LAWYERS
PART OF GROSSMAN ROTH, P.A.

STUART Z. GROSSMAN
NEAL A. ROTH
ANDREW B. YAFFA
GARY M. COHEN
WILLIAM E. PARTRIDGE
NATASHA CORTES
SETH MILES
AB MALOY

OF COUNSEL
CLAUDIA B. GREENBERG
RICHARD S. MASINGTON

SUITE 777
1800 SECOND STREET
SARASOTA, FLORIDA 34236
TELEPHONE (941) 365-8666
1-800-208-4004
TELECOPIER (841) 316-0983
www.grossmanroth.com

CERTIFIED PARALEGAL
AMY SCHAFFER, ACP, FRP

MEDICAL INVESTIGATORS
SCOTT MCCARTHY
MARLING SANTIAGO
JILL A. DOBRINSKY, R.N., L.N.C.C.
DIANA L. TERSHAKOVEC, M.S.N., A.R.N.P.

LEGAL INVESTIGATORS
ROBERT C. LEES
RUDY M. TOTH
DAN ROTH
(1948-1998)

Sarasota

January 27, 2011

The Honorable Rick DeFuria.
Criminal Justice Center
P.O. Box 48927
Sarasota, FL 34230

    Re:    Kozel v. Kozel
            Case No. 2010-DR-8976-NC

Dear Judge DeFuria:

    We are presenting to the Court for consideration Wife's Renewed Motion for an Asset Injunction and/or Emergency Hearing or Expedited Hearing on Wife's Motion for an Asset Injunction based upon Husband's Failure to Preserve The Status Quo While the Motion was Pending and accompanying Asset Injunction and Order. We are also supplying you with a courtesy copy of the previously filed *ex parte* motion. Both motions have been filed with the Court.

    On behalf of our client, Ashley Kozel, we would as that the Court enter the relief that we feel is necessary under these unique circumstances as set forth in her renewed motion.

    Thank you for your prompt attention to this matter.

Sincerely yours,

William E. Partridge

WEP/ajs
Enclosures
cc:    Jeffrey D. Fisher, Esq.
        Mark Luttier, Esq.

CORAL GABLES
SUITE 1150
2525 PONCE DE LEON BOULEVARD
CORAL GABLES, FLORIDA 33134
T (305) 442-8666
F (305) 285-1668

LAS OLAS CENTRE II
SUITE 1120
350 EAST LAS OLAS BOULEVARD
FORT LAUDERDALE, FLORIDA 33301
T (954) 767-8200
F (954) 764-1968

WACHOVIA PLAZA
SUITE 350
925 SOUTH FEDERAL HIGHWAY
BOCA RATON, FLORIDA 33432
T (561) 367-8666
F (561) 367-0297

KEY WEST
809 WHITEHEAD STREET
FIRST FLOOR
KEY WEST, FLORIDA 33040
T (305) 509-7734
F (305) 509-7738

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR SARASOTA COUNTY, FLORIDA

IN RE: The Marriage of                         FAMILY DIVISION

ASHLEY D. KOZEL,                               CASE NO. 2010DR8976NC

        Petitioner/Wife,

and

TODD KOZEL,

        Respondent/Husband,

and

TEXAS KEYSTONE, INC., FALCON
DRILLING CORPORATION, LLC., FALCON
PARTNERS, AND FALCON PARTNERS
TRUST,

        Defendants.
_____/

**WIFE'S RENEWED MOTION FOR AN ASSET
INJUNCTION AND/OR AN EMERGENCY HEARING
OR EXPEDITED HEARING ON WIFE'S MOTION FOR
AN ASSET INJUNCTION BASED UPON HUSBAND'S FAILURE TO PRESERVE THE
STATUS QUO WHILE THE MOTION WAS PENDING**

The petitioner/wife, by and through her undersigned counsel, hereby moves, pursuant to § 61.11, Fla. Stat. (2011), for an injunction freezing all assets controlled by the husband until an emergency or expedited evidentiary hearing can be held to resolve her verified motion for an asset injunction and other relief ("Injunction Motion") and, in support thereof, states as follows:

## THIS RENEWED MOTION IS BASED ON INFORMATION RECEIVED JANUARY 20 AND 21, 2011

On January 20 and 21, 2011, the wife's counsel was advised that (i) the defendant, Falcon Drilling, was sold despite the fact that the wife asserts a constructive trust should be imposed on all of its assets, and (ii) the proceeds from sale were distributed to the husband and his family members despite the wife's claim for a constructive trust and for injunctive relief, and (iii) the husband transferred 100% of his sale proceeds (about $5 million) to his Swiss bank account despite the wife's pending motion for injunctive relief!

For the reasons described in more detail below, the wife requests this court to immediately enter a comprehensive asset injunction and to hold an expedited and/or emergency hearing on her motion. This court should not wait until the hearing to enter the injunction because of the husband's latest conduct, which took place while the wife was attempting to secure hearing time on her request for injunctive relief. Any further delay will cause further irreparable harm to the wife and minor children.

## SUMMARY

This is an 18-year marriage with two minor children ages 5 and 8. The verified motion for an emergency asset injunction is adopted and incorporated herein by reference. Since this division of the court has not previously read that motion, it is respectfully requested that the motion be promptly reviewed.

Since the date the wife filed her motion, she was able to take a partial temporary relief deposition of the husband on December 21, 2010. Based upon that deposition, it is undisputed in this case that the husband has dissipated and/or fraudulently conveyed or concealed tens of millions of dollars from the marital estate through transfers of marital assets overseas including, but not limited to, the following:

2

a. Transfer of 20 million shares of marital stock into an overseas asset protection trust in the Isle of Jersey, with a trustee in Dublin, which stock is currently worth in excess of $60 million. The use of another $1.5 million in marital funds to purchase 11 million more shares (for a total of 31 million worth $90 million) in the name of the trust. The founder of the company that serves as "trustee" is none other than the husband's Swiss lawyer, Marcus Hugelshofer.

b. Transfer of $27 million of the parties' marital cash from United States bank accounts to Swiss, Lithuanian and British bank accounts. It is undisputed that only approximately $3 million remains in the overseas accounts, of the $27 million that was transferred by the husband to those accounts.

c. Wasting millions of dollars in marital cash through expenditures by the husband on a 25-year-old Lithuanian mistress named "Anna" including the secret purchase of a multi-million dollar home in Lithuania, hundreds of thousands of dollars spent for diamond earrings, a two carat diamond belly ring, hundreds of thousands of dollars in designer clothes, and hundreds of thousands of dollars on exotic vacations including in excess of $650,000 for a one week trip on a yacht with the mistress, her younger twin sisters, and the husband.[1]

d. It is likewise undisputed that the husband has engaged in potential criminal conduct and potentially exposed the marital estate to enormous civil penalties (for which he should be solely liable) by violating the United States Treasury regulations which required him to file Form TDF 90.22.1, which is a "Report of Foreign Bank and Financial Accounts." The husband admitted in his deposition that he maintained overseas accounts with balances far exceeding $10,000 since 2007, but failed to file the TDF 90. He did this for years 2008, 2009 and 2010 without the knowledge of the wife.

e. This list is not exhaustive of the waste, dissipation and/or fraudulent conveyance of marital assets by the husband.

It is also undisputed that the wife and two minor children are wholly dependent on the husband for support. Finally, it is undisputed that the husband has recently claimed Lithuanian residency, although he still remains a United States citizen, and therefore the more assets he transfers overseas, the more likely it is he will not return to the United States when a large judgment in favor of the wife is rendered against him.

---

[1] And now the husband has the audacity to tell the wife that he will not give her money to take vacations with the children!

3