# EXHIBIT "C"

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR SARASOTA COUNTY, FLORIDA

IN RE: The Marriage of

ASHLEY D. KOZEL,

FAMILY DIVISION

CASE NO. 2010DR8976NC

      Petitioner/Wife,

and

TODD KOZEL,

      Respondent/Husband,

and

TEXAS KEYSTONE, INC., FALCON DRILLING CORPORATION, LLC., FALCON PARTNERS, AND FALCON PARTNERS TRUST,

      Defendants.

_____/

## ASSET INJUNCTION AND ORDER

This matter came before the court on January 28, 2011 on the wife's renewed motion for an asset injunction which adopts and incorporates her previously filed verified emergency *ex parte* motion for an asset injunction and other relief. The court having reviewed the renewed motion and the verified motion in this cause and being otherwise duly advised does thereupon

ADJUDGE as follows:

1. A hearing on the wife's motions shall be scheduled for __3__ hours on __February 9, 2011__ at __1:30pm__ in __8B, Sarasota Judicial Center, 2001 Ringling Blvd.,__

Kozel v. Kozel
Case No. 2010DR8976NC
*Asset Injunction*
Page 2

2. Until the date of that hearing, the wife's verified motion for an asset injunction is GRANTED because the court finds that the wife and children are in imminent fear of irreparable harm if the husband is not enjoined and/or restrained, directly and indirectly, from selling, transferring, conveying, pledging, hypothecating and/or dissipating any further assets, including a prohibition on further transfers of assets overseas, and because an injunction is necessary to secure the wife and children's claim for support, including the wife's claim for alimony, in this case, pursuant to Fla. Stat. 61.11.

3. The court finds that the allegations of the wife's verified emergency motion for an *ex parte* asset injunction, and the renewed motion, are sufficient to establish that the husband has transferred large sums of money and other assets overseas and/or to a trust in the Isle of Jersey and that he has spent millions of dollars overseas on what appears to be expenses related to a mistress and that the wife and/or children will suffer irreparable injury, loss or damage if an injunction is not granted.

4. The husband, Todd F. Kozel (SSN 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), is hereby enjoined from directly or indirectly, individually, or through an entity or another person, or agent, transferring, alienating, pledging, hypothecating, dissipating, spending, or concealing any asset or income in which he holds an interest (whether that interest be held directly or indirectly or through an entity). Without limiting the foregoing, Todd F. Kozel shall not use his position or interest (if any) in Gulf Keystone

Kozel v. Kozel
Case No. 2010DR8976NC
Asset Injunction
Page 3

Petroleum Limited, Gulf Keystone Petroleum Co. LLC, Gulf Keystone Petroleum International, the Etamic Trust, Emerald Trust, Emerald Trust Limited, Emeralp Trust, Gokana Trust, Falcon Drilling, Falcon Partners, or Texas Keystone Inc. to transfer, alienate, pledge, hypothecate, dissipate, spend or conceal any asset or income in which he has an interest directly or indirectly.

5. The husband, Todd F. Kozel, is further enjoined from transferring funds or assets of any kind into or out of any foreign bank or brokerage accounts (whether titled individually or through companies he controls) and said accounts are hereby immediately frozen. Pursuant to this injunction, all overseas funds held directly or indirectly by Todd F. Kozel shall be transferred within 30 days into the Registry of this court or to an escrow account in the United States established by the parties. This order is directed to Swed Bank (including, but not limited to, account of Todd F. Kozel, Vilnius, Lithuania, including, but not limited to, account numbers 36701181502, LT957300010120884561, LT817300010122294937, LT577300010109909342, LT947300010111488709, and UAB Vytautas Partners 302252280, LT947300010111488709), Credit Agricole, Zurich branch, including, but not limited to, account numbers 1413270 (including but not limited to sub account numbers 001, 002, 003, and 004), Coutts in London account numbers 07026722 and 07026714 and any other overseas account in which Todd F. Kozel has an interest directly or indirectly. The husband and his agents shall be required to serve a copy of this court's injunction on the institutions listed above, and any other overseas

Kozel v. Kozel
Case No. 2010DR8976NC
*Asset Injunction*
Page 4

bank or brokerage firm in which the husband has funds or securities (directly or indirectly). A copy of all documentation relating to transmittal of this order to those institutions shall be provided to wife's counsel within 72 hours from the date of this order.

6. The corporate defendants Falcon Drilling Corporation LLC, Falcon Partners and Texas Keystone Inc. are enjoined from transferring any funds or assets to the husband, Todd F. Kozel, (domestically or overseas), or to any entity he controls, and are likewise enjoined from transferring, alienating, pledging, or hypothecating any asset or income in which Todd F. Kozel has an interest, directly or indirectly.

7. Notwithstanding the preceding provisions of this order, the husband, Todd F. Kozel, shall be allowed to utilize the funds on deposit at his United States bank, PNC Bank, account XXX1300, to pay personal living expenses, whether domestically or overseas, in an amount not to exceed $30,000 per month, which is the amount he listed as his personal needs on his financial affidavit.

8. The court held in *Leonard v. Leonard*, 678 So. 2d 497 (Fla. 5th DCA 1996):

> The statute [Fla. Stat. 61.11] applies where there is an attempt to dissipate marital assets. *Sandstrom v. Sandstrom*, 565 So. 2d 914 (Fla. 4th DCA 1990). Examples abound of the use of injunctions to prevent the dissipation of property which is or may later be determined to be marital property); *Gooding v. Gooding*, 602 So. 2d 615, 616 (Fla. 4th DCA 1992) *citing Woodrum v.*

Case 1:19-cr-00460-KMW   Document 108-3   Filed 01/25/22   Page 6 of 7
Feb. 2. 2011 9:12AM                                              No. 6419   P. 7

Kozel v. Kozel
Case No. 2010DR8976NC
*Asset Injunction*
Page 5

---

*Woodrum*, 590 So. 2d 1093, 1094 (Fla. 3d DCA 1991). *Stefanowitz v. Stefanowitz*, 586 So. 2d 460, 463 (Fla. 1st DCA 1991); *Sandstrom; Rouse v. Rouse*, 313 So. 2d 458, 460 (Fla. 3d DCA 1975).

Moreover, *Gooding*, supra, and *PTS Trading Corp. v. Habie*, 673 So. 2d 498 (Fla. 4th DCA 1996) stand for the proposition that it is appropriate, in certain circumstances, to use injunctions under Fla. Stat. 61.11 to protect a spouse's interest in a marital business and the court finds the facts set forth in the wife's verified motion establish the need for such relief.

9. Ashley D. Kozel is ordered to post a $100,000 bond within ten (10) business days from the date of this order.

10. Pursuant to Rule 1.610(c), this order shall be binding upon both the husband, the corporate defendant, and their officers, agents, servants, employees and attorneys and on those persons in active concert or participation with them who receive actual notice of this injunction and order.

11. This court reserves jurisdiction over the parties, their children and their assets to enter such further orders as are just and appropriate.

ORDERED in Chambers at Sarasota, Sarasota County, Florida this 28 day of January, 2011, at 4:00 o'clock a.m./p.m.

Circuit Court Judge

Kozel v. Kozel
Case No. 2010DR8976NC
*Asset Injunction*
Page 6

---

Copies to:

Jeffrey D. Fisher, Esq., Fisher & Bendeck, P.A., 501 So. Flagler Drive, Suite 450, West Palm Beach, Florida 33401

William Partridge, Esq., Grossman, Roth & Partridge, 1800 2nd Street, Suite 777, Sarasota, Florida 34236

Mark Luttier, Esq., Burman, Critton, Luttier & Coleman, 303 Banyan Boulevard, Suite 400, West Palm Beach, Florida 33401