

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*One St. Andrew's Plaza*
*New York, New York 10007*

January 28, 2022

**BY ECF**

The Honorable Kimba M. Wood
United States District Judge
Southern District of New York
500 Pearl St.
New York, NY 10007

      Re:    *United States v. Todd Kozel*
                  S1 19 Cr. 460 (KMW)

Dear Judge Wood:

      The Government respectfully submits this letter to request that the conditions of supervised release be modified, pursuant to 18 U.S.C. § 3583(e), for defendant Todd Kozel, who was sentenced yesterday.

      Specifically, at the sentencing hearing yesterday, the Court imposed a total of two years' supervised release, but did not set forth on the record any conditions of the defendant's supervised release. The Government respectfully requests that the conditions of supervised release be modified to add the following conditions of supervised release, as specified in the Presentence Investigation Report ("PSR"):

**Mandatory Conditions:**

      A period of supervised release is ordered, and the following conditions are mandatory:

      You must not commit another federal, state, or local crime.

      You must not unlawfully possess a controlled substance.

      You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

      ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.

      You must cooperate in the collection of DNA, as directed by the probation officer.

1

You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

**Standard Conditions:**

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4. You must answer truthfully the questions asked by your probation officer.

5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

  10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (*i.e.*, anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

  11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

  12. You must follow the instructions of the probation officer related to the conditions of supervision.

  **Special Conditions:**

  You will participate in an outpatient treatment program approved by the United States Probation Office, which program may include testing to determine whether you have reverted to using drugs or alcohol. You must contribute to the cost of services rendered based on your ability to pay and the availability of third-party payments. The Court authorizes the release of available drug treatment evaluations and reports, including the presentence investigation report, to the substance use disorder treatment provider.

  You must provide the probation officer with access to any requested financial information.

  You must not incur new credit charges or open additional lines of credit without the approval of the probation officer unless you are in compliance with the installment payment schedule.

**Discussion**

  As the Court is aware, the Court is expressly authorized by 18 U.S.C. § 3583(e)(2) to "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release." *See, e.g., United States v. Sarvis*, 205 F.3d 1326, at *2 (2d Cir. 2000) ("A District Court 'may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release.' In determining whether or how to modify the conditions of supervised release, the Court is required to consider the factors listed in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6)." (quoting 18 U.S.C. § 3583(e)(2))); *see also id.* ("In determining whether to modify the conditions of supervised release, the District Court is required to consider 'general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency.'" (quoting *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997))).

  The Government respectfully submits that the proposed modification, which incorporates the proposed conditions of supervised release set forth in the PSR, is appropriate and warranted under Sections 3583(e)(2) and 3553(a).[1] In particular, the proposed special conditions are

---

[1] In the alternative, the Government requests the same relief under Rule 35(a) of the Federal Rules of Criminal Procedure, which permits correcting a sentence where there has been an arithmetic, technical, or other clear error.

appropriate in light of the financial nature of this case and the defendant's outstanding restitution obligation. The Government has consulted with defense counsel, who advised that the defendant consents to the proposed modification and waives a hearing on this issue under Rule 32.1(c) of the Federal Rules of Criminal Procedure.

      For the foregoing reasons, the Government respectfully requests that the conditions of supervised release be modified, pursuant to 18 U.S.C. § 3583(e), to add the above-listed conditions of supervised release, as set forth in the PSR.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:   /s/
LOUIS A. PELLEGRINO
OLGA I. ZVEROVICH
Assistant United States Attorneys
Tel.   (212) 637-2617 / 2514
louis.pellegrino@usdoj.gov
olga.zverovich@usdoj.gov