UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,                               19-cr-00460-KMW

          Plaintiff,

vs.

TODD KOZEL,

          Defendant.

### DEFENDANT'S RENEWED MOTION TO DISCHARGE BOND

Defendant, Todd Kozel, by and through undersigned counsel, renews his Motion to discharge the bond in this matter and states as follows:

The Government has had almost three months to conduct discovery into the alleged improper "source" of the Bond Funds. The Government has failed to do so. Accordingly, the Court should discharge the bond and return the Bond Funds to Frank Kozel, a third-party surety.

### I. PROCEDURAL HISTORY

Todd Kozel was released from custody after executing a $2 million personal recognizance bond secured by a deposit of $1 million in cash. Todd Kozel's father, Frank Kozel, and brother, Robert Kozel, signed on to the bond as personal guarantors. The $1 million in cash came from the Frank W. Kozel Revocable Family Trust (the "Trust"). Frank Kozel is both the Grantor and Trustee of the Trust.

Todd Kozel subsequently entered a guilty plea, was sentenced, and surrendered to custody on February 25, 2022, after having fully complied with the conditions of his release. By its own terms, and under Federal Rule of Criminal Procedure 46(g), the bond has been satisfied and should be released. Appearance Bond, ECF No. 7 at 2 ("*Release of Bond. . .* This bond **will be satisfied**

**and the security will be released** when either: (1) the defendant is found not guilty on all charges, or (2) **the defendant reports to serve a sentence**.") (emphasis added).

On April 12, 2022, Defendant moved to discharge the bond. ECF No. 123. The Government opposed the Defendant's motion and requested civil discovery to ascertain the origin of the Bond Funds. ECF No. 124. The Defendant filed a Reply. ECF No. 127. On June 1, 2022, the Court denied the Defendant's Motion to Discharge the Bond and granted the Government's request to propound civil discovery. ECF No. 129.

As of the filing of this Renewed Motion, almost three months after the Court's ruling, the Government has not propounded any discovery on Defendant or attempted to schedule a single deposition. Defendant's counsel has reached out to the Government on multiple occasions regarding this discovery and has not received a response regarding written discovery or depositions.

The Government has had months to conduct discovery into the alleged improper "source" of the Bond Funds. The Government has failed to do so and, instead, is improperly holding Frank Kozel's money hostage. The Court must discharge the bond.

**II.   RELEVANT LAW**

Under Federal Rule of Criminal Procedure 46(g), "[t]he court must exonerate the surety and release any bail when a bond condition has been satisfied or when the court has set aside or remitted the forfeiture." That is exactly what happened here: the Defendant appeared for sentencing and surrendered to begin serving his sentence after satisfying the conditions of his pretrial release. The bond itself also states that "[t]his bond **will be satisfied and the security will be released** when either: (1) the defendant is found not guilty on all charges, or (2) **the defendant reports to serve a sentence**." ECF No. 7 at 2 (emphasis added).

The Government cites 28 U.S.C. § 2044 for the proposition "[o]n motion of the United States attorney, the court shall order any money belonging to and deposited by or on behalf of the defendant with the court for the purposes of a criminal appearance bail bond (trial or appeal) to be held and paid over to the United States attorney to be applied to the payment of any assessment, fine, restitution, or penalty imposed upon the defendant." In quoting this statute, the Government conveniently leaves out the last sentence—which renders the statute inapplicable: **"This section shall not apply to any third party surety**." 18 U.S.C. § 2044.

Here, Frank Kozel is a third-party surety as the bond was not posted by the Defendant himself. In *United States v. Ware*, the court held that money posted by family members to secure a bond was "not subject to § 2044" because it was not posted by the defendant himself. No. 04-CR-1224, 2021 WL 3188248, at * 2 (S.D.N.Y. July 28, 2021). Section 2044 allows a court to transfer bail funds only in situations where "a defendant's own money has been used to post the bond" and "does not extend such authority to a situation like the present case, in which a third party, not the defendant, has provided his own money to post the defendant's bail." *U.S. v. Equere*, 916 F. Supp. 450, 452 (E.D. Pa. 1996).

Furthermore, the money currently in the court registry was not a loan to the Defendant by any definition. *Larson v. Eney*, 741 F. Supp. 459, 462 (S.D.N.Y. 2010) ("Under New York Law, a loan is defined as (i) a contract, whereby (ii) one party transfers a defined amount of money, good, or services to another, and (iii) the other party agrees to pay for the sum or items transferred at a later date) (quoting *In re Renshaw,* 222 F. 3d 82, 88 (2d Cir. 2000)). Here there was no contract between Todd Kozel and his father, no transfer of the money to Todd Kozel, and no agreement for repayment. Instead, it was a standard payment by a third-party surety, and under Federal Rule of

Criminal Procedure 46(g), must be returned to Frank Kozel now that the bond conditions have been satisfied.

### III.   THE BOND FUNDS

According to the Government, the "true owners of the Bond Funds is a contested issue" because the Government "has no paperwork that explains how the Trust was created, who its trustees and beneficiaries are, or whether the defendant is a beneficial owner, or a recipient of funds from the Trust." *Id.* at 2. In theory, this is what the civil discovery would help uncover.

The Defendant and Frank Kozel, however, have disclosed this information throughout the briefing on this issue. First, the Trust was created in 2006 by Frank Kozel for estate planning purposes. Simmons Declaration ¶ 5, attached hereto as **Exhibit A**. It is revocable trust. This means that the assets in the trust remain entirely and exclusively within the control of the grantor, in this case, Frank Kozel. *Id.* ¶ 5. Frank Kozel is the sole grantor, sole trustee, and sole current beneficiary of the Trust. *Id.* ¶ 8. Todd Kozel, the Defendant, has no right, entitlement, access, or control directly or indirectly to the Trust. *Id.* ¶ 5. Subject to a confidentiality agreement, the Defendant and Frank Kozel agree to provide to this Court and the Government a copy of the Trust Certificate prepared by attorney Kristin Simmons and signed by Frank Kozel. The Defendant's Reply, filed on May 2, 2022, offered to provide the Trust Certificate but the Government has not requested it.

In addition to providing the information about the Trust's creation, trustee, and beneficiaries, attached hereto are the bank statements for the Trust from August 24, 2018 to January 25, 2019. *See* Composite **Exhibit B**. The bank statements show the Bond Funds leaving the account via wire transfer on December 19, 2018, the day after Todd Kozel was arrested. *Id.* at 8. The funds had been in the account since at least August 2018, months before the Defendant or his attorneys knew that he might be arrested. *Id.* at 1. Indeed, Todd Kozel was arrested

unexpectedly at the airport when he returned from a trip abroad. *See* Burstyn Declaration ¶ 2, attached hereto as **Exhibit C**. Neither Todd Kozel nor Frank Kozel knew that Todd Kozel was going to be arrested. The bail hearing was held the same day as Todd Kozel's arrest and Frank Kozel posted the bond the next day, August 19, 2018. *See* ECF No. 6. Despite the Government's conspiracy theory allegations, the Kozels could not have planned or arranged for Todd to transfer money to Frank to pay the bond in less than 24 hours while Todd was in holding. The Bond Funds were Frank's, a third-party surety, and came from an account that Frank controlled. Burstyn Decl. ¶ 8. Therefore, the Bond Funds should be returned to Frank Kozel.

## IV.    CONCLUSION

Todd Kozel satisfied the conditions of his bond and is currently serving his sentence. Thus, under the Federal Rules and its own terms, the bond is discharged and the money must be returned to Frank Kozel, a third-party surety. The Government is improperly holding up this process by requesting discovery and, three months later, failing to even respond to Defendant's counsel's requests to coordinate document exchanges and depositions. Accordingly, the Defendant requests that the Court grant this motion, discharge the bond, and return the Bond Funds to Frank Kozel.

Respectfully submitted,

By: */s/Kendall Coffey*
Kendall Coffey, FBN.: 259861
**(Admitted pro hac vice)**
Jeffrey B. Crockett. FBN.: 347401
**(Admitted pro hac vice)**
COFFEY BURLINGTON, P.L.
2601 South Bayshore Drive, Penthouse
Miami, Florida 33133
Tel: 305-858-2900
Fax: 305-858-5261
kcoffey@coffeyburlington.com
jcrockett@coffeyburlington.com
bdiaz@coffeyburlington.com
service@coffeyburlington.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on August 29, 2022, on all counsel or parties of record.

By: */s/Kendall Coffey*