```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: February 20, 2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

TODD KOZEL,

                      Defendant.

19-CR-460 (KMW)

ORDER

KIMBA M. WOOD, District Judge:

On December 18, 2023, Todd Kozel moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2). (Def.'s Mot., ECF No. 138.) On January 11, 2024, the Government submitted a letter in opposition to Kozel's motion. (Gov't Opp'n, ECF No. 140.) On January 18, 2024, Kozel replied. (Def.'s Reply, ECF No. 141.) For the reasons set forth below, Kozel's motion for a reduction in his sentence is DENIED.

## BACKGROUND

Kozel co-founded and served as the Chief Executive Officer ("CEO") of Gulf Keystone Petroleum Limited ("GKP"). (Suppl. Presentence Investigation Report ("Suppl. PSR") ¶ 7, ECF No. 137.) As CEO, Kozel earned an annual base salary of $675,000, and received share and cash bonuses. (*Id.*) Between 2011 and 2015, Kozel earned approximately $66 million in income, which he failed to report to the Internal Revenue Service. (*Id.*; *see also* Gov't Opp'n at 2.) Kozel directed his income to offshore structures, trusts, and bank accounts to avoid paying his taxes, resulting in an estimated tax loss of over $20 million to the United States. (Suppl. PSR ¶¶ 8, 13; Sent'g Tr. at 72:3-5, ECF No. 120.)

1

On January 26, 2022, Kozel was sentenced principally to a term of imprisonment of 60 months following his plea of guilty to charges relating to his failure to file individual income tax returns, in violation of 26 U.S.C. § 7203.  (J. at 1-2, ECF No. 122.)  Kozel was ordered to pay $29,462,965.23 in restitution.  (*Id.* at 6.)  The Bureau of Prisons currently projects that Kozel will be released from prison on August 16, 2024.  *See Find an Inmate*, Bureau of Prisons, https://www.bop.gov/mobile/find_inmate/#inmate_results (last visited February 20, 2024.)

## LEGAL STANDARD

Pursuant to Section 3582(c)(2), a court may reduce a defendant's term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the [Section 3553(a) factors,] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).

Effective November 1, 2023, in its Amendment 821, the United States Sentencing Commission ("Sentencing Commission") amended the United States Sentencing Guidelines Manual.  As relevant here, Part B amends Guidelines § 4C1.1, by providing a 2-level offense level reduction for offenders with zero (0) criminal history points who meet specified eligibility criteria.

## DISCUSSION

### I.  Kozel Qualifies for a Sentence Reduction

The parties agree that Kozel qualifies for a sentence reduction pursuant to Amendment 821.  (Def.'s Mot. at 1-2; Gov't Opp'n at 2; *see also* Suppl. PSR at 22-24.)  Kozel's original Guidelines range was 57 to 60 months' imprisonment, based on an offense level of 25 and a

criminal history category of I.  (Suppl. PSR at 23.)   Pursuant to Amendment 821, Kozel receives a 2-level offense level reduction because he is an offender with zero criminal history points.  (*Id.* at 22-24.)  Kozel's amended Guidelines range is 46 to 57 months' imprisonment, based on an offense level of 23 and a criminal history category of I.  (*Id.* at 23.)

The Court finds that Kozel is eligible for a sentence reduction and adopts the above calculations as to Kozel's Guidelines range.

II. **The Section 3553(a) Factors and Kozel's Conduct Post-Sentencing Weigh Against a Reduction in Kozel's Sentence**

Even though Kozel is eligible for a sentence reduction, the Court finds that the § 3553(a) factors and Kozel's post-sentencing conduct weigh against a reduction in Kozel's sentence.

First, Kozel's offense was "extraordinarily serious."  (Sent'g Tr. at 69:2.)  As the Court stated at sentencing, "[o]ur system relies on the honesty of individuals to pay their taxes.  We need those taxes, our society does, to provide essential services to all citizens, rich and poor alike."  (*Id.* at 69:3-6.)   Kozel had "no need to cheat anyone," but made a "conscious and deliberate choice," to engage in this calculated crime.  (*Id.* at 69:20-70:3.)

Second, Kozel's sentence is necessary to attempt to effectuate specific and general deterrence.  Even after pleading guilty, Kozel "attempt[ed] to avoid the consequences of his crime by claiming that he was enjoined from using his liquid assets to pay his obligations," which suggests that his original sentence is necessary to attempt to dissuade Kozel from engaging in similar behavior after his release.  (*Id.* at 70:4-12.)  In addition, "[g]eneral deterrence [remains] one of the most important goals of sentencing in this case," because Kozel's sentence must send a message to would-be violators of our nation's tax laws.  (*Id.* at 71:12-20.)

Last, Kozel's post-sentencing conduct weighs against a reduction in his sentence. Kozel was ordered to pay $29,462,965.23 in restitution, but Kozel has made only approximately $700 in restitution payments to date.

Although the Court commends Kozel for his otherwise good conduct while incarcerated, (*see* Def.'s Mot., Ex. 2), the Court finds that the § 3553(a) factors and Kozel's failure to pay substantial restitution weigh against a reduction in his sentence.

## CONCLUSION

For the foregoing reasons, Kozel's motion for a reduction in his sentence pursuant to §3582(c)(2) is DENIED.

The Clerk is respectfully directed to close the pending motion at ECF No. 138.

SO ORDERED.

>*/s/ Kimba M. Wood*
>KIMBA M. WOOD
>United States District Judge

Dated: February 20, 2024
      New York, New York